**Carolyn Marie GAUTREAUX et al., Appellants,**

**v.**

**CITY OF PORT ARTHUR, Appellee.**

No. 6824.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 8, 1966.

Orgain, Bell & Tucker, Beaumont, Fuller, Fuller & McPherson, Port Arthur, for appellant.

George B. Wikoff, City Atty., Port Arthur, for appellee.

PARKER, Justice.

Summary judgment was rendered and entered in Cause No. A–83518 in the 58th District Court of Jefferson County by which

(1) The motion for summary judgment of the City of Port Arthur against Turner & Collie was granted and the City was given judgment against Turner & Collie of $9,000.

(2) The motion for summary judgment of Turner & Collie Consulting Engineers, Inc. against the City was overruled.

(3) The motion for summary judgment of plaintiff, City, against the Gautreauxs, being in the alternative, was held to be moot and it was decreed that the City recover nothing against the Gautreauxs.

(4) The motion for summary judgment of the Gautreauxs against the City was granted.

(5) A third party complaint of the Gautreauxs against American General Insurance Company in the event the City recovered $9,000 from the Gautreauxs was dismissed without prejudice.

Turner & Collie are the only parties appealing from the judgment of the trial court. The City did not appeal. From the motions for summary judgment and supporting affidavits it appears that the facts are undisputed:

Elroy Joseph Gautreaux, an employee of the City of Port Arthur, sustained fatal injuries in the course of his employment on June 14, 1962. His surviving wife and child, Carolyn Marie Gautreaux and Todd Anthony Gautreaux, instituted suit No. A–79825 in District Court of Jefferson County, Texas, against the City of Port Arthur and Turner & Collie, seeking damages by reason of his death caused by the gross negligence of each of said defendants. The City appeared and answered in such case. On the day of trial, October 7, 1963, the Gautreauxs filed a motion stating they desired to take a voluntary non-suit as to the City of Port Arthur. Upon this motion the court entered an order on such date dismissing their suit against the City. The suit of the Gautreauxs against Turner & Collie then proceeded to trial. On October 31, 1963, based upon the jury's verdict, the court entered judgment against Turner & Collie and in favor of Todd Anthony Gautreaux for the sum of $25,800 and in favor of Carolyn Marie Gautreaux against Turner & Collie in the sum of $75,000. Turner & Collie filed motion for new trial. On January 7, 1964 the court reformed its judgment after hearing the motion for new trial wherein the court made findings of fact and entered judgment as follows:

"(1) That the plaintiffs, Carolyn Marie Gautreaux and Todd Anthony Gautreaux, had each received or become entitled to workmen's compensation death benefits under the Workmen's Compensation Law of the State of Texas in the sum of $12.50 each per week for a period of 360 weeks, to-wit, the sum of Four thousand Five Hundred Dollars ($4,500) each, and it further appearing to the Court and the

Court having found that said plaintiffs were not the owners of the cause of action asserted against defendant to the extent of said payments, and that the judgment heretofore entered in favor of each plaintiff for the full amount of the jury verdict, to-wit, Seventy-five Thousand Dollars ($75,000) for Carolyn Marie Gautreaux and Twenty-five Thousand Eight Hundred Dollars ($25,800) for Todd Anthony Gautreaux, had included sums which they were not entitled to receive under the law and the evidence, to-wit, Four Thousand Five Hundred Dollars ($4,500) each, and the Court having accordingly determined that said judgment should be reformed and the plaintiffs should each be required to remit the sum of Four Thousand Five Hundred Dollars ($4,500).

(2) It further appearing to the Court and the Court having found and being of the opinion that after ordering the foregoing reformation and remittitur that the judgments recovered by said plaintiffs, and each of them were still excessive to the extent of Twenty Thousand Six Hundred Dollars ($20,600) as to Carolyn Marie Gautreaux and to the extent of Eleven Thousand Three Hundred Dollars ($11,300) as to Todd Anthony Gautreaux, and the Court having further determined that a new trial should be granted unless said plaintiffs should agree to such reformation and remittiturs, whereby after allowing the same the plaintiff, Carolyn Marie Gautreaux, would recover the sum of Forty-nine Thousand Nine Hundred Dollars ($49,-900), out of which expenses and attorneys' fees were to be paid, and Todd Anthony Gautreaux Ten Thousand Dollars ($10,000) free and clear of all claims and expenses and attorneys' fees; and it appearing to the Court and the Court having found that said plaintiff, Carolyn Marie Gautreaux, as well as the minor plaintiff, through next friend, have appeared in open court and consented and agreed to such reformation and remit-

titur, which was duly noted on the docket and entered in the minutes, and that said plaintiffs under the directions and authority of the Court had released unto the defendant, Turner & Collie Consulting Engineers, Inc., the sums so ordered remitted, to-wit, Carolyn Marie Gautreaux, Twenty Thousand Six Hundred Dollars ($20,600) in addition to the sum set forth in Paragraph (1) hereof, and Todd Anthony Gautreaux, suing through next friend, Eleven Thousand Three Hundred Dollars ($11,300) in addition to the sum set forth in Paragraph (1) hereof;

It is therefore further ORDERED, ADJUDGED and DECREED by the Court that should execution hereafter issue for said judgment, that the same shall be for the balance only, to-wit, Carolyn Marie Gautreaux, Forty-nine Thousand Nine Hundred Dollars ($49,900) and Todd Anthony Gautreaux, a minor, suing through next friend, Ten Thousand Dollars ($10,000).

It is further ORDERED, ADJUDGED and DECREED by the Court that the amount herein decreed to said minor, Todd Anthony Gautreaux, suing through next friend, be paid by the defendant into the registry of the court for the use and benefit of said minor, and that the clerk of this court do pay said sum of Ten Thousand Dollars ($10,000) to the duly appointed, qualified and acting guardian of said minor upon presentation of letters evidencing the appointment and qualification of said guardian.

It further appearing to the Court and the Court having found that prior to the signing and entry of this judgment that the defendant, Turner & Collie Consulting Engineers, Inc., had fully and finally paid the amount of said judgment after the allowance of said reformation and remittiturs, to-wit, the sum of Forty-nine Thousand Nine Hundred Dollars ($49,-900) to Carolyn Marie Gautreaux and Ten Thousand Dollars ($10,000) into the the registry of the court for the use and

and benefit of the minor, Todd Anthony Gautreaux, and that this judgment had been in all things except costs of court finally satisfied and extinguished;

It is therefore further ORDERED, ADJUDGED and DECREED by the Court that no execution shall issue herein for this judgment or any part thereof, but that except as to costs of court the same shall stand in all things fully and finally paid, satisfied, extinguished and released.

It is further ORDERED that defendant pay costs in accordance with the agreement of the parties, for which let execution issue as may be necessary and proper."

The recovery by the Gautreauxs was limited to the damages in excess of the compensation paid to them by the City of Port Arthur.

■ During the time it was a party to Cause A–79825, the City as compensation insurer did not file any cross-action or counterclaim, nor did it at any time after the dismissal file any intervention. It made no attempt to assert its subrogation claim in any manner authorized by Art. 8307, § 6a, Vernon's Ann.Tex.St., and Rule 97(a), Texas Rules of Civil Procedure, until October 2, 1964, when this present second suit was instituted. The right of the workmen's compensation insurer (in this case, the City of Port Arthur) to be subrogated to the rights of the injured employee is statutory. Art. 8307, § 6a, V.A.T.S.

■ The City has not appealed from the judgment in the instant summary judgment proceeding including that part of the judgment in favor of the Gautreauxs against the City of Port Arthur. Clearly, the Gautreauxs have not been paid twice for the $9,000 the City obligated itself to pay them under the Workmen's Compensation Act. In this court upon the record in Cause No. A–83518 the Gautreauxs are not liable to the City for any part of the recovery by the Gautreauxs from Turner & Collie.

We now consider whether or not that part of the judgment of the trial court in this second suit is correct whereby the City recovered against Turner & Collie $9,000 plus interest and costs. As said in Sunray Oil Corp. v. Allbritton, 187 F.2d 475, U. S. Court of Appeals, Fifth Circuit, 1951: "It is now settled by the Texas law that the employee's right to recover against third persons is limited to damages in excess of the compensation paid to him." Citing numerous authoritative Texas cases. Houston Gas & Fuel Co. v. Perry, 127 Tex. 102, 91 S.W.2d 1052 (Com. of App. 1936).

There is nothing in this record to indicate that the judgment in Cause A–79825 was an agreed compromise between the Gautreauxs and Turner & Collie. On the contrary, it was a judgment upon the merits. Turner & Collie assert that the City should be denied a recovery against them as stated in their brief as follows:

"It is the position of your Appellant, Turner & Collie, that but one cause of action arose by reason of the death of Elroy Joseph Gautreaux. Since he was an employee of the City and subject to the Compensation Act, the City under the provisions of Article 8307 [§ 6a] (a), V.A.C.S., was subrogated to the rights of the survivors to the extent of the compensation paid. Inasmuch as but one cause of action arose, although the Gautreauxs and the City each had an interest in it, it is Appellant's position that when the suit of the Gautreauxs against Turner & Collie was tried to a conclusion, resulting in a final judgment, which was paid, that this one cause of action was finally adjudicated and that the claim of the City is barred for each of the following reasons:

"(a) The City, being a party to the suit, was obligated under Rule 97(a), T.R.C.P., to assert its rights by way of counterclaim and having failed to do so, the claim is barred.

"(b) The judgment in the prior Suit A–79825 finally adjudicated the cause of action arising out of the death of Elroy Joseph Gautreaux and such judgment is res judicata of the entire cause of action.

"(c) The single cause of action arising out of the death of Elroy Joseph Gautreaux cannot be split and the failure of the City to cross-action or to intervene has resulted in a waiver of its claim and it is estopped to assert the claim in a separate suit after the first suit has gone to final judgment and payment."

 We sustain each and all of Turner & Collie's contentions. The judgment entered for the Gautreauxs against Turner & Collie was not for the joint use and benefit of the successful Gautreauxs and the City as a self-insurer. Art. 8307, § 6a and T.R.C.P. Rule 97(a) have been construed by the Supreme Court of this State in many ways, but never under the facts before this court. Under Art. 8307, § 6a the City could have filed suit in the name of the legal beneficiaries of the deceased party or in its own name for the joint use and benefit of itself and said beneficiaries against Turner & Collie. In case the City's recovery was greater than that paid or assumed by the City to be paid the legal beneficiaries of the deceased Gautreaux, the City should reimburse itself with the excess paid to the beneficiaries of the deceased Gautreaux. This was not done. The Gautreauxs enforced their claim against Turner & Collie without any aid, approval, authority or assistance from the City. The final judgment in Suit No. A–79825 is not under attack in the instant suit.

Art. 8307, § 6a affords a substantive remedy of subrogation to the insurance carrier subject to the Texas Rules of Civil Procedure, in particular T.R.C.P. Rule 97 (a). By not complying with the mandatory provision of such Rule 97(a), the City of Port Arthur conclusively lost its substantive right.

Each and all of the points of error of appellant, Turner & Collie, are sustained.

City of Port Arthur's point of error and counterpoints are overruled.

The judgment of the trial court is affirmed except as to the recovery in favor of the City of Port Arthur against Turner & Collie Consulting Engineers, Inc. As to that portion of the judgment in favor of the City of Port Arthur for $9,000 against Turner & Collie Consulting Engineers, Inc., same is reversed and judgment here rendered that City of Port Arthur take nothing as against Turner & Collie Consulting Engineers, Inc.