Jeronimo SERNA and wife Ramona Serna,
Appellants,

v.

Samuel P. REYNA, Sr., and Samuel P.
Reyna, Jr., Appellees.

No. 304.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 31, 1967.

Dudley B. Foy, Jack E. A. White, of North, Blackmon & White, Corpus Christi, for appellants.

J. Lev Hunt, of Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellees.

SHARPE, Justice.

## OPINION

This appeal is from a summary judgment rendered in favor of appellees, Samuel P. Reyna and Samuel P. Reyna, Jr., defendants below, that appellants, Jeronimo Serna and wife, Ramona Serna, plaintiffs below, take nothing by their suit. It appears that the correct name of Samuel P. Reyna, Sr. is Nicanor Reyna and he appeared under the last-mentioned name. No point is made concerning that matter on this appeal. We will sometimes refer to appellants as "Serna" and appellees as "Reyna".

Plaintiffs' petition herein alleged in substance that Serna and wife were injured in an automobile accident on April 11, 1965, when the vehicle of defendants, then being negligently driven by Samuel P. Reyna, Jr., collided with the vehicle in which plaintiffs were riding, causing them damages of $20,000.00. The instant cause was numbered 88272-D in the 105th Judicial District Court, Nueces County, Texas.

Appellees' motion for summary judgment was based upon the proceedings had in cause No. 87183-D, 105th Judicial District Court, Nueces County, Texas, in which judgment was rendered on December 2, 1965, hereinafter referred to as "prior suit." A certified copy of that judgment was attached to appellees' motion for summary judgment in which they alleged that the claims now asserted by appellants as plaintiffs in the instant suit were based upon the same occurrence that was the subject matter of the prior suit in which Jeronimo Serna was sued as defendant; that the claim of Jeronimo Serna was a compulsory counterclaim in the prior suit under Rule 97(a) Texas Rules of Civil Procedure, and he there failed to assert the same; that the judgment in the prior suit should be construed as though such claims had been asserted; and that said prior judgment and the provision thereof that all other relief not specifically awarded therein was denied, was an adjudication that Jeronimo

Serna take nothing and is a bar to the instant suit.

Appellants assert a single point of error, as follows:

"The Trial Court erred in sustaining the Appellees' Motion for Summary Judgment because:

(a) The Judgment of *Dismissal Without Prejudice* in the prior action between the parties hereto is not a bar to Appellants' present action on the theory of res adjudicata;

(b) Appellants' right to maintain this action is not barred by their failure to assert the same as a compulsory counterclaim in the prior action between Appellants and Appellees which was terminated by a *Dismissal Without Prejudice;* and

(c) The Judgment of *Dismissal Without Prejudice* which was entered in the prior action between Appellants and Appellees at the behest of Appellees bars the Appellees from challenging the right of Appellants to maintain this action—both (a) on the grounds of res adjudicata, and (b) as a matter of public policy under which courts of justice do not permit a litigant to profit by taking inconsistent positions."

Appellees' reply point reads as follows:

"The trial court was correct in sustaining appellees' motion for summary judgment because:

(a) Appellants were required to assert as a compulsory counterclaim in the prior lawsuit all claims they had against appellees arising out of the occurrence that was the subject matter of appellees' claim in such prior lawsuit.

(b) The judgment in the prior lawsuit between the parties hereto adjudicated and denied the rights appellants seek to assert in this case.

(c) The judgment in the prior lawsuit does not bar appellees from challenging the right of appellants to maintain this

action because (1) if such judgment is partially res judicata, as alleged by appellants, it is entirely and wholly res judicata, and (2) appellees have not taken an inconsistent position here, so no matter of public policy is involved."

■ Appellees, as movants for the summary judgment, had the burden to establish that "there is no genuine issue as to any material fact and that the moving party was entitled to a judgment as a matter of law." Rule 166–A, T.R.C.P. We have concluded that appellees did not sustain such burden and that the summary judgment should not have been granted for the reasons hereafter stated.

■ At the outset of the discussion we note that the only summary judgment evidence tendered by appellees in support of their motion was a certified copy of the judgment in the prior suit. Although a copy of plaintiffs' original petition in the prior suit is included in the transcript herein, there is nothing to show that it was an exhibit before the trial court in connection with the instant summary judgment proceedings. In this situation we are confined to consideration of the judgment in the prior suit, and cannot take into account the pleadings therein. In Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961) the court held that although a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same or practically the same parties, that, nevertheless, on motion for summary judgment, Rule 166–A(e) requires that certified copies of court records in a prior proceeding in the same court should be attached to the motion for summary judgment in the second case, and the failure of the movants there to do so precluded them from entitlement to summary judgment. See also, Butler v. Davy Crockett Federal Savings & Loan Ass'n, 363 S.W.2d 390 (Tex.Civ.App., Houston, 1962, wr. dism.).

The material portions of the prior judgment will be summarized or quoted. It first recited appearances of the six plaintiffs and the single defendant, Jeronimo Serna, in person and by counsel. The plaintiffs Lorenzo Trevino, Carlos V. Vasquez and Nicanor Reyna, appeared individually and as next friends for the minors Dora Trevino, Rudy Vasquez and Samuel Reyna. A guardian ad litem was appointed to represent the minor plaintiffs Dora Trevino and Rudy Vasquez, due to a recited conflict of interest between them and their fathers Lorenzo Trevino and Carlos V. Vasquez as next friends. There was no similar provision concerning Nicanor Reyna and Samuel Reyna. The prior judgment then provided as follows:

"\* \* \* and the parties having announced unto the Court that, subject to the approval of the Court, they have arrived at a settlement and adjustment of the controversies existing between them in this cause, under the terms of which settlement judgment should be rendered herein in favor of Lorenzo Trevino, individually, and against the defendant, Jeronimo Serna, in the sum of Three Hundred and Sixty Five ($365.00) Dollars; and that judgment should be rendered herein in favor of Dora Trevino, a minor, and against the defendant, Jeronimo Serna, in the amount of Three Hundred Fifty Nine and 15/100 ($359.15) Dollars; and that judgment should be rendered herein in favor of Carlos V. Vasquez, individually, and against the defendant, Jeronimo Serna, in the amount of One Hundred Eighty Eight and 90/100 ($188.90) Dollars; and that Judgment should be rendered herein in favor of Rudy Vasquez, a minor, and against the defendant, Jeronimo Serna, in the amount of Four Hundred Sixty One and 10/100 ($461.10) Dollars; and, further, under the terms of said agreement it being agreed that the cause of action asserted herein by Nicanor Reyna, individually and in behalf of Samuel Reyna, a minor,

should be dismissed without prejudice to the refiling of same; * * *"

The judgment then recited approval of the settlement and decreed in paragraphs numbered 2, 3, 4, and 5 that the plaintiffs Lorenzo Trevino, Dora Trevino, Carlos V. Vasquez and Rudy Vasquez recover from the defendants the respective amounts mentioned in the settlement agreement. Paragraphs 1 and 7 of the decretal portion of the judgment read as follows:

"1. That the cause of action asserted herein by Nicanor Reyna, individually and in behalf of Samuel Reyna, a minor, be and the same is hereby dismissed without prejudice to the refiling thereof;"

\* \* \* \* \* \*

"7. That any and all other relief prayed for by any party to this cause, and not hereby specifically awarded be, and the same is hereby in all things denied."

Reyna concedes that his rights against Serna were not adjudicated in the prior suit, being expressly reserved for future litigation. But he contends here that Serna was required to assert a compulsory counterclaim against him in the prior suit, and that the judgment therein adjudicated and denied the rights Serna asserts in this case.

Appellees, in support of their contention that appellants were required to assert as a compulsory counterclaim in the prior lawsuit all claims they had against appellees arising out of the occurrence which was the subject matter of appellees' claim therein, rely upon the cases of Beach v. Runnels, 379 S.W.2d 684 (Tex.Civ.App., Dallas, 1964, wr. ref.); Stringer v. Munnell, 390 S.W.2d 484 (Tex.Civ.App., Houston, 1965, wr. ref.); Harris v. Jones, 404 S.W.2d 349 (Tex.Civ.App., Eastland, 1966, wr. ref.); Gautreaux v. City of Port Arthur, 406 S.W.2d 531 (Tex.Civ.App., Beaumont, 1966, wr. ref., n. r. e.). Appellants agree that in the first three of these cases the compulsory counterclaim rule was correctly applied. Appellants also agree that *Gautreaux* was correctly decided under pertinent provisions

of the Workmen's Compensation Statute, but disagree with the holdings therein concerning the compulsory counterclaim rule.

We agree with appellants that these four cases are distinguishable. We will first consider the three cases (*Beach, Stringer* and *Harris*) in which writ of error was unqualifiedly refused by the Supreme Court. In each of these cases the liability insurance carrier for the defendant in the first suit between the parties settled with the plaintiff therein without the knowledge and consent of the defendant. Thereafter, the defendant in the first case filed a second suit as plaintiff seeking to recover damages on account of the same automobile collision against defendants who had been plaintiffs in the first suit.

In Beach v. Runnels, supra, it appeared that an automobile driven by Beach collided with another driven by Runnels. Runnels sued Beach in Cause No. 49415 in the district court of Dallas County. Beach did not file a counterclaim. That suit was compromised and settled by the attorney for Beach's insurance company, without the consent of Beach or his personal attorney and an order of dismissal was entered on May 31, 1960. On June 7, 1960 Beach sued Runnels in Cause No. 52,350 in the district court of Dallas County seeking damages growing out of the same collision involved in the first suit. The trial court granted Runnels' motion for summary judgment on the ground that Beach's claim against Runnels was barred as a compulsory counterclaim under Rule 97(a), T.R.C.P. On appeal, Beach's sole point of error was that the trial court erred in such holding. The Court of Civil Appeals disagreed with Beach and affirmed the judgment of the trial court on the ground stated.

In Stringer v. Munnell, supra, it appeared that Munnell first sued Stringer for damages arising out of an automobile collision in the district court of Henderson County. Stringer did not assert a counterclaim. An agreed judgment was entered by which Munnell recovered substantial damages.

This was accomplished by counsel for Stringer's liability insurance carrier, without Stringer's knowledge. Thereafter, Stringer sued Munnell in the district court of Harris County for damages arising out of the same accident, and the trial court granted Munnell's motion for summary judgment based upon Rule 97(a), T.R.C.P. The Court of Civil Appeals affirmed, holding that there was no material difference between the facts there presented and those in Beach v. Runnels, supra.

In Harris v. Jones, supra, it appeared that Jones had first sued Harris in the district court of Dickens County for damages resulting from an automobile collision which occurred in that county. Although served with citation, Harris filed no answer or pleadings of any kind. A judgment of dismissal with prejudice was entered on September 27, 1961. Thereafter, on May 8, 1962, Harris sued Jones in the district court of Dickens County for damages arising out of the same collision and the trial court granted Jones' motion for summary judgment. That motion was based upon contentions that Harris' claim was a compulsory counterclaim under Rule 97(a), T.R.C.P., and therefore barred, and that Jones was entitled to judgment on the theory of res judicata or estoppel by judgment. The judgment did not indicate upon which theory the judgment for Jones was based. The Court of Civil Appeals affirmed on the ground that the cause of action asserted by Harris in the second suit was barred because it was a compulsory counterclaim in the prior suit under Rule 97(a), T.R.C.P. A copy of the judgment in the prior suit was attached as an exhibit to Jones' motion for summary judgment and recited that all matters in controversy between the parties had been fully and finally settled. The judgment was agreed to by Mr. and Mrs. Jones, by their attorneys and by a law firm designated as attorneys for Harris. The sworn answer of Harris in reply to the motion for summary judgment stated among other things that he delivered the citation served on him in the prior suit to an agent for his

liability insurance company; that the citation was then delivered to Burl Lynn, a claims adjuster for that company; that Lynn made a settlement of the prior law suit with Mr. and Mrs. Jones, and caused a judgment of dismissal with prejudice to be entered, all without Harris' knowledge and consent, and despite the fact that Lynn was aware of Harris' physical condition and injuries suffered in the collision and that Harris intended to file a law suit against the Joneses for his damages on account thereof.

In *Beach, Stringer* and *Harris* the plaintiffs' claim in the first suit was compromised and settled. In *Beach* and *Harris* judgments of dismissal with prejudice were entered. The opinion in *Harris* reflects that the dismissal of Jones' suit was with prejudice; and appellants have furnished a certified copy of the first judgment in *Beach* which shows that Runnels' suit was also dismissed with prejudice. In *Stringer,* the judgment recited that the compromise settlement agreement "is in settlement of a disputed claim and that the defendants (Stringer) have and do deny liability for any damages to plaintiffs (Munnell), and that said compromise settlement was entered into to terminate further controversy between the parties." In order for the instant case to be factually equivalent to *Beach, Runnels* and *Harris*, it would have to appear that Reyna (the plaintiff in the first case and defendant in the second) had settled his claim asserted in the first case. Of course, that does not so appear here, but on the contrary it is conclusively shown that Reyna's cause of action was dismissed without prejudice so that he could litigate it at a later time if he so desired. In the three cases referred to, the cause of action of the plaintiff in the first action had been discharged by payment (made by the liability insurance carrier for the defendant) and was in effect adjudicated on the merits so as to bar any further action thereon. The above-cited cases do not stand for the proposition that the failure of a defendant to assert a compulsory counterclaim bars him

from filing a subsequent suit to recover his damages where the plaintiff's claim in the first suit is not settled nor adjudicated, as is the case here.

■ Reyna's position here is largely based upon paragraphs 1 and 7 of the prior judgment, heretofore, set out in full. He says in substance that under said paragraph 1 only the cause of action asserted by Reyna was dismissed without prejudice, and that this provision does not apply to the cause of action of Serna. Reyna further says in substance that under said paragraph 7 relief as to Serna's causes of action was in all things denied. By virtue of paragraph 1 of the decretal portion of the judgment Reyna's cause of action against Serna was dismissed without prejudice. The effect of this provision was to dismiss Reyna as a party to the suit, leaving the claims of the other four plaintiffs against Serna to be adjudicated. There was then no law suit pending between Reyna and Serna. As to Serna there was then no cause of action being asserted against him by Reyna to which Serna could assert a counterclaim. Because of this, paragraph 7 of the decretal portion of the judgment denying other relief was therefore operative only between the four remaining plaintiffs and Serna, and not as between Serna and Reyna.

Appellants' reliance upon Gautreaux v. City of Port Arthur, 406 S.W.2d 531 (Tex. Civ.App., Beaumont, 1966, wr. ref. n. r. e.) is also misplaced. In that case the City of Port Arthur, as a self-insurer carried Workmen's Compensation insurance on its employee Mr. E. J. Gautreaux who was killed while in the course of his employment. His surviving wife and daughter had received or were entitled to receive death benefits under the Texas Workmen's Compensation law of $4,500.00 each, payable $12.50 weekly. The City was by statute entitled to subrogation against third parties who were liable to Mrs. Gautreaux and her child for the death of Mr. Gautreaux, to the extent of Workmen's Compensation benefits paid by

it. Mrs. Gautreaux and daughter brought suit against Turner and Collie as well as the City of Port Arthur in cause No. A–79825 for damages on account of the death of Mr. Gautreaux, but later moved for a nonsuit as to the City; and the trial court, on the day of trial, entered an order dismissing the suit against the City. After jury trial, the court rendered judgment for the Gautreauxs against Turner and Collie, which was reformed, as finally entered, so as to eliminate any recovery on account of the Workmen's Compensation insurance payments and to require a remittitur in order to reduce the recovery to the extent that same was excessive. The remittitur was duly made and the ultimate recovery by the Gautreauxs was limited to damages in excess of the compensation paid to them by the City. Thereafter, the City filed suit against Turner and Collie and the Gautreauxs in cause No. A–83518. The trial court, among other things, granted summary judgment in favor of the City against Turner and Collie for $9,000.00, representing the amount of the Workmen's Compensation benefits, which the City had paid or was obligated to pay to the Gautreauxs. Only Turner and Collie appealed from the judgment. The Court of Civil Appeals reversed and rendered judgment that the City take nothing against Turner and Collie and otherwise affirmed the judgment of the trial court.

Although the Court of Civil Appeals sustained all of the contentions of Turner and Collie, it is clear that the essential and basic holding of the Court was that the City had failed to assert its subrogation claim in the manner authorized by Art. 8307, sec. 6a, Vernon's Ann.Civ.St. The Court emphasized that the right of the Workmen's Compensation carrier to be subrogated to the rights of the injured employee is purely statutory; and that under Art. 8307, sec. 6a, the City could have filed suit in the name of the legal beneficiaries of the deceased party or in its own name for the joint use and benefit of itself and said beneficiaries against Turner and Collie; but this was

not done. The City did not file its subrogation claim in the prior case (A–79825) nor did it at any time after the dismissal file an intervention. Instead, the City stood by and allowed the Gautreauxs to enforce their claim against Turner and Collie, the third part tort-feasor, without the approval, authority or assistance of the City. Under these conditions, the Court of Civil Appeals correctly held that the City could not enforce its subrogation claim against Turner and Collie in the second suit.

Appellants argue that the judgment in *Gautreaux* can properly rest on the City's failure to comply with the statutory method provided by our Workmen's Compensation law (particularly Art. 8307, sec. 6a thereof) for enforcement of the City's subrogation claim, without reference to the provisions of Rule 97(a), T.R.C.P. Appellants further point out that in the prior suit brought by the Gautreauxs, Turner and Collie was a co-defendant with the City and that company did not assert a claim against the City; that the claim of the City at that stage against Turner and Collie was at most only a right to be subrogated to the Gautreauxs' cause of action against Turner and Collie, and, if anything, would have been a cross-claim against a co-defendant, which is not compulsory under Rule 97(e), T.R.C.P. Appellants also say that Gautreaux is not authoritative here because there the plaintiffs' claim was fully adjudicated in the prior suit, which is not the case here as between Serna and Reyna. We believe that *Gautreaux* is distinguishable for the said reasons, and that the case is not authority for holding that Serna is barred from prosecuting the present action because of failure to file a compulsory counterclaim in the prior suit here involved.

■ We further hold that the judgment in the prior suit here was not a judgment on the merits as between Serna and Reyna, but was nothing more than a simple dismissal without prejudice. It was not res judicata as to Serna and Reyna. In Philipowski v. Spencer, 63 Tex. 604 (1885) the court said:

"In order that a former judgment should be a bar to any subsequent action for the same subject-matter between the same parties, it must appear that the suit in which it was rendered was determined on its merits. * * *"

It is well settled that a judgment of dismissal without prejudice is not on the merits and will not operate as res judicata. Cass County v. Rambo, 135 Tex. 476, 143 S.W.2d 916 (1940); Peek v. Berry, 143 Tex. 294, 184 S.W.2d 272 (1944); Board of Water Engineers of Texas v. Colorado River Municipal Water Dist., 152 Tex. 77, 254 S.W. 2d 369 (1953); 34 Tex.Jur.2d Judgments, § 480, pages 534–536. In Crofts v. Court of Civil Appeals for Eighth Supreme Judicial District, 362 S.W.2d 101, 104 (Tex.Sup. 1962) the court said:

"It is elementary that a dismissal is in no way an adjudication of the rights of the parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought."

We sustain appellants' point one (a) and (b). In view of such action we deem it unnecessary to discuss subdivision (c) of that point.

The judgment is reversed and the cause remanded for trial.