**TRAVELERS INSURANCE COMPANY and Travelers Indemnity Company of Rhode Island, Appellants,**

v.

**Gordon Wayne SEIDEL and Texas Farmers Insurance Company, Appellees.**

No. 04–84–00520–CV.

Court of Appeals of Texas, San Antonio.

Jan. 22, 1986.

Rehearing Denied Feb. 20, 1986.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellants.

Richard J. Reynolds, III, William M. Nichols, San Antonio, Edward B. Rather, Gonzales, for appellees.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a summary judgment denying a compensation insurance carrier its claim against a third-party tortfeasor and the third-party tortfeasor's liability insurance carrier for reimbursement of benefits paid by it to the representative of the estate of the deceased worker. We reverse.

From the motions for summary judgment and supporting affidavits it appears that the following facts are undisputed. On February 2, 1979, Donny Ray Flores was killed in an automobile accident while in the course and scope of his employment for appellee C.F. Thomas Company, Inc. (Thomas). Appellants, Travelers Insurance Company and Travelers Indemnity Company of Rhode Island (Travelers), the compensation carrier for Thomas paid approximately $39,000.00 in death benefits to the representative of the estate of Donny Ray Flores, Teresita Gonzales, his mother. Thereafter, on May 29, 1979, Teresita Gonzales brought a wrongful death suit in cause number 13,942, in the 25th District Court, against appellee Gordon Wayne Seidel (Seidel), the driver of the other vehicle involved in the fatal collision, and Thomas. Travelers, the liability carrier for Thomas, hired an attorney to represent Thomas. Appellee Texas Farmers Insurance Company (Farmers), the liability carrier for Seidel, hired an attorney to represent Seidel. Seidel and Thomas both answered the wrongful death suit and Seidel alleged a cross-action against Thomas. Travelers did not file a petition in intervention in cause number 13,942 to recover the benefits paid Teresita Gonzales nor did its insured, Thomas, state a counterclaim therefor. Teresita Gonzales settled the wrongful death suit with Seidel and under the terms of the settlement received $7,000.00 from Seidel and $10,000.00 from Farmers. Subsequent to the settlement an agreed judgment was entered by the court reciting that Teresita Gonzales and Seidel take nothing in their respective actions against Thomas.

Travelers then brought this suit, cause number 81–CI–18524 in the 224th District Court, against Farmers, Seidel and Teresita Gonzales, for recovery of the $17,000.00 paid to Teresita Gonzales by Farmers and Seidel under the terms of the settlement in cause number 13,942. The court rendered a default judgment that Travelers recover $17,000.00 from Teresita Gonzales, who did not answer after proper service. Further, the trial court denied Travelers motion for summary judgment and granted Farmers' and Seidel's motions for summary judgment and rendered judgment that Travelers take nothing from Farmers and Seidel.

It is from this judgment that Travelers appeals.[1]

Travelers' point of error number one is that the trial court erred in rendering summary judgment that Travelers take nothing from Farmers and Seidel.

In points of error two and four, Travelers lists each ground upon which the court might have based its judgment and alleges that the court erred in rendering summary judgment because Farmers and Seidel failed to prove each ground as a matter of law; that those grounds not proved are namely: that Travelers' claim is barred by res judicata, by the rule of compulsory counterclaims, or by the rule against splitting causes of action.

In its point of error number three Travelers alleges that the court erred in rendering summary judgment because "the accord shows conclusively (or at least presents a fact issue) that Texas Farmers Insurance Company and Gordon Wayne Seidel paid the entire proceeds of the settlement to Teresita Gonzales with actual knowledge of Travelers' subrogation interest and without taking any action to avoid liability therefor."

Farmers and Seidel argue that TEX. REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1986) affords a substantive remedy of subrogation to Travelers subject to the mandatory provisions of TEX.R.CIV.P. 97(a), and since Travelers failed to intervene in the wrongful death suit between Teresita Gonzales, the representative of the estate of the deceased worker, and Seidel, the third-party tortfeasor, and assert its right to reimbursement under section 6a Travelers lost its substantive right. In support of their contention they refer us to *Gautreaux v. City of Port Arthur*, 406 S.W.2d 531, 534 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.). In *Gautreaux*, the trial court awarded the carrier reimbursement against the third-party tortfeasor for compensation paid to the worker; the appeals court reversed the trial court judgment. It found that the judgment in the previous wrongful death suit limited the damages awarded to the worker's representatives to the damages in excess of the compensation paid to them by the carrier; that the failure of the carrier (who as a self-insured employer had originally been a party and was subsequently dismissed as a party prior to trial) to make an attempt to assert its subrogation claim in any manner authorized by section 6a and TEX.R.CIV.P. 97(a) was a bar to the claim for reimbursement against the third-party tortfeasor.

▮ Unlike *Gautreaux*, in the case before us, Travelers was never a party to the previous wrongful death suit between Teresita Gonzales and Seidel. Further unlike *Gautreaux*, the previous wrongful death suit was not tried on the merits; it was only after a settlement between Teresita Gonzales and Seidel had been reached that a take nothing judgment was entered. We therefore cannot conclude that the take nothing judgment was a recovery by Teresita Gonzales limited only to the damages in excess of the compensation paid to her by Travelers.

We find *Gautreaux* to be instructive but we cannot conclude that it is dispositive of the issue raised by this appeal. The issue as we see it is whether the payment by Seidel and Farmers to Teresita Gonzales in settlement of her claim against them, all with the full knowledge of Travelers' right of subrogation, rendered them liable as a matter of law to Travelers for the sum of $17,000.00 despite Travelers' failure to intervene and assert its rights. In the case before us, it is undisputed that the settlement between Teresita Gonzales and Seidel was made with full knowledge of Travelers' right to subrogation and without the express consent, participation or approval of Travelers.

▮ We are of the opinion that it is immaterial that an attorney hired by Travelers, under its obligations as the liability carrier for the employer, was cognizant of

---

1. There is no complaint by Travelers about the judgment concerning Teresita Gonzales.

the settlement and approved the judgment. We are of the further opinion that it is immaterial whether Travelers intervened in the wrongful death action by Teresita Gonzales against Seidel. Section 6a does not speak of intervention when it discusses a carrier's right to reimbursement. It is only as a matter of judicial economy that courts permit the carrier to intervene in the suit between the employee or his representative against the third party tortfeasor; section 6a is not intended to hinge on whether or not a party intervenes. *Rockwood Insurance Co. v. Williamson,* 596 F.Supp. 1524 (N.D.Tex.1984).

■ While the cause of action against Seidel belonged to the estate of the deceased employee, it owned it subject to Travelers' right to reimbursement for compensation paid. *See Independent Eastern Torpedo Co. v. Herrington,* 128 Tex. 17, 95 S.W. 377, 379 (1936). The right of Travelers to reimbursement out of the monies paid Teresita Gonzales is statutory. We cannot conclude that the settlement between Teresita Gonzales, the representative of the estate of the employee, and Seidel, without the consent of Travelers, eliminated the employee's further interest in the suit; to do so would nullify that portion of the section 6a which authorizes a carrier to enforce for the joint use and benefit of an employee and the carrier the liability of a third-party tortfeasor. We therefore hold that the transaction between Teresita Gonzales and Seidel and Farmers contravened the legislative purpose of section 6a and is unlawful. The money belonging to Travelers was wrongfully paid by Seidel and Farmers to Teresita Gonzales, who wrongfully received it, and both were thereby rendered liable to pay to Travelers $17,000.00, the amount of compensation theretofore paid by it to Teresita Gonzales.

The judgment of the trial court is reversed and judgment is rendered that Travelers recover the amount of $17,000.00 from Seidel and Farmers.