**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART,**
**Opinion Filed April 30, 1996**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-95-00281-CV

---

### COLLIN COUNTY, Appellant

### V.

### COY JOHNSON, ET AL., Appellees

---

**On Appeal from the 354th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 54,955**

---

## O P I N I O N

Before Justices Morris, James, and Hankinson
Opinion By Justice James

Collin County appeals a summary judgment in favor of Coy Johnson, William Don

Watson, and Nadine Watson. In eight points of error, Collin County contends generally the

trial court erred in granting summary judgment because: (1) the motion for summary

judgment did not address all of Collin County's claims; (2) Collin County had a statutory

lien and a contract with the insured giving it a subrogation right; (3) Collin County was not required to intervene in the underlying lawsuit; (4) the doctrine of collateral estoppel does not apply; and (5) there was no evidence or, alternatively, insufficient evidence to show Nadine's damages exceeded her recovery. Collin County also contends the trial court erred in denying its motion for summary judgment. We affirm in part and reverse and remand in part.

## BACKGROUND

William Watson was an employee of Collin County. William received health insurance for himself and his wife, Nadine, from the Collin County Insurance Fund. Nadine was injured in an automobile accident on August 10, 1989. The Collin County Insurance Fund paid Nadine's medical expenses in the amount of $30,279.82. On February 12, 1990, William signed a subrogation agreement in connection with the injuries suffered by Nadine.

Nadine filed a personal injury lawsuit against Texoma Advertising Co., Inc. and Jerry Andrew Rodaway. William was not a party to this lawsuit. By letter dated February 22, 1990, Collin County notified the Watsons and American States Insurance Company, Texoma Advertising's insurer, of its subrogation interest. A mediation session was scheduled for September 26, 1992. On September 24, 1992, Kevin Martin, Risk Manager for Collin County, sent an overnight letter to Johnson, Nadine's attorney. Martin's letter notified Johnson of Collin County's subrogation interest.

The personal injury lawsuit settled for $275,000. The parties put $30,279.82 into the

registry of the court. Shortly after the mediation, Collin County contacted American States and learned that the money had been placed into the registry of the court. On October 6, 1992, Nadine filed a motion to release funds. The trial court granted the motion and released the $30,279.82 to Nadine.

Martin sent letters to Johnson on December 1, 1992 and January 4, 1993 inquiring why Collin County had not received the $30,279.82 that had been placed in the registry of the court. Johnson sent a reply letter on January 8, 1993 stating that the trial court had released the funds to Nadine. On February 26, 1993, Martin sent Johnson a letter demanding payment of $30,279.82. This lawsuit followed. Appellees and Collin County both moved for summary judgment. The trial court granted appellees' motion and denied Collin County's motion.

## STANDARD OF REVIEW

The standard of review in a summary judgment case is well established. *See* Tex. R. Civ. P. 166a(c); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex. 1989); *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). When the trial court does not specify the grounds upon which it grants summary judgment, we affirm the trial court's judgment if any of the movant's grounds support the summary judgment. *Carr v. Brasher*,

776 S.W.2d 567, 569 (Tex. 1989). If a movant does not show its entitlement to judgment as a matter of law, we must remand the case to the trial court. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 829 (Tex. 1970).

When both parties move for summary judgment, each party "bears the burden of establishing that it is entitled to judgment as a matter of law." *Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex. 1993). However, if the trial court grants one motion and denies the other, we may render the judgment the trial court should have rendered. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988).

## JOHNSON AND THE WATSON'S MOTION FOR SUMMARY JUDGMENT

In its first point of error, Collin County contends generally that the trial court erred in granting appellees' motion for summary judgment. Appellees moved for summary judgment on the grounds of failure to intervene, collateral estoppel, and no right of equitable subrogation.

### A. Intervention

In its fourth point of error, Collin County contends the trial court erred in granting summary judgment because it was not required to intervene in the underlying personal injury lawsuit. We agree. Appellees did not cite any authority for this proposition in the trial court. Our own research fails to find a case requiring intervention in a fact situation similar to this case. Collin County relies on a worker's compensation case holding that intervention is not necessary. *Travelers Ins. Co. v. Seidel*, 705 S.W.2d 278, 281 (Tex. App.--San Antonio

-4-

1986, writ dism'd). *Seidel* points to the fact that the statute providing worker's compensation carriers with the right to reimbursement is silent as to intervention. *Id*. Here, too, the statute providing political subdivisions with a right to subrogation is silent as to intervention. *See* TEX. LOC. GOV'T CODE ANN. § 172.015 (Vernon Supp. 1996). Because case law does not require intervention in this situation and the statute providing the right to subrogation is silent as to intervention, we conclude Collin County was not required to intervene in the underlying lawsuit in order to bring a subrogation action. Collin County's fourth point of error is sustained.

## B. Collateral Estoppel

In its fifth point of error, Collin County contends the trial court erred in granting summary judgment because it was not collaterally estopped from seeking subrogation. To invoke the doctrine of collateral estoppel, a party must establish: (1) the facts sought to be litigated in the present action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984).

In applying these factors, we conclude the doctrine of collateral estoppel does not apply to this case. First, although Collin County's subrogation right was litigated at the hearing on the motion to release funds, Collin County was not present at that hearing nor was it informed of the hearing. Second, Collin County's subrogation right was not essential

to the judgment in Nadine's personal injury action. Third, the parties were not cast as adversaries in the first action because Collin County was not a party to the first action. The factors necessary to invoke the doctrine of collateral estoppel do not exist in this case. The trial court erred in granting appellees' motion for summary judgment on the ground that Collin County is collaterally estopped from seeking subrogation. We sustain Collin County's fifth point of error.

### C. Equitable Subrogation Right

In Collin County's seventh point of error, it contends the trial court erred in granting summary judgment on the ground that it does not have an equitable right of subrogation. Appellees contend Collin County has no equitable right of subrogation because Nadine's damages exceeded her recovery.

Insurers have a right of equitable subrogation to prevent an insured from receiving a double recovery. *Ortiz v. Great Southern Fire & Cas. Ins. Co.*, 597 S.W.2d 342, 343 (Tex. 1980). An insurer's right to subrogation derives from the rights of the insured and is limited to those rights. *Interstate Fire Ins. Co. v. First Tape, Inc.*, 817 S.W.2d 142, 145 (Tex. App.-- Houston [1st Dist.] 1991, writ denied). Recovery of medical expenses is community property. *Graham v. Franco*, 488 S.W.2d 390, 396 (Tex. 1972); *Dawson v. Garcia*, 666 S.W.2d 254, 266 (Tex. App.--Dallas 1984, no writ). Assuming Nadine did recover for past medical expenses, then William did receive a double recovery and Collin County does have a subrogation right.

Collin County has the burden to show that Nadine did recover for past medical expenses. *See Ortiz*, 597 S.W.2d at 344. In *Ortiz*, a fire damaged the Ortiz home and its contents. The Ortizes purchased a fire insurance policy on their house from Great Southern Fire and Casualty Insurance Company. They did not purchase insurance covering the contents of their house. Great Southern paid $4,000 for repairs to the house. The Ortizes sued Stacy-Mason, Inc. alleging the fire was caused by the negligent placement of carpet padding. They alleged damages in the amount of at least $4,000 to their house and at least $11,614 to their personal property.

The parties settled for $10,000. The trial court granted Great Southern's subrogation claim for $4,000. *Id.* at 343. The court of appeals affirmed. The supreme court reversed, holding that an insurer is not entitled to subrogation if the insured's loss is in excess of the amounts recovered from the insurer and the third party causing the loss. *Id.* However, if any portion of the settlement agreement is intended as compensation for damage covered by the insurer, the insurer would be entitled to subrogation to the extent that the sum of insurance collected plus the amount allocated in the settlement agreement to the covered damage exceeded the insured's loss. *Id.* at 344. It is the insurer's burden to show what amount, if any, of the settlement proceeds was allocated to the covered loss. *Id.* Because Great Southern failed to show what portion, if any, of the $10,000 settlement was allocated for real property loss, it did not have a subrogation right to the settlement proceeds. *Id.*

We do not know what damages Nadine sought in her lawsuit. In her motion to

release funds, Nadine outlined damages in excess of $1 million. Of that amount, $43,101.01 was for past medical expenses. Nadine settled for $275,000. Collin County had the burden to show what portion, if any, of that settlement amount was intended as recovery for past medical expenses. *See Ortiz*, 597 S.W.2d at 344.

Appellees contend that equitable subrogation does not apply in this case because Nadine's damages exceeded her recovery. After the parties settled, $30,279.82 was placed into the registry of the court. That amount was the exact amount that the Collin County Insurance Fund paid for Nadine's medical expenses. Collin County contends that the placement of the money into the registry of the court shows that $30,279.82 of the $275,000 settlement was allocated for past medical expenses. We conclude that a fact issue has been raised precluding summary judgment on this ground. We sustain Collin County's seventh point of error.

### D. Conclusion

We conclude the trial court erred in granting appellees' motion for summary judgment. Accordingly, we sustain Collin County's first, fourth, fifth, and seventh points of error. Because of our disposition of these points of error, we do not reach Collin County's second, third, and sixth points of error.

### COLLIN COUNTY'S MOTION FOR SUMMARY JUDGMENT

In its eighth point of error, Collin County complains of the denial of its motion for summary judgment. In its second amended petition, Collin County raised nine causes of

action: (1) breach of contract by William; (2) tortious interference by all appellees; (3) violation of the deceptive trade practices act by Johnson; (4) fraud by all appellees; (5) conversion by all appellees; (6) negligence by all appellees; (7) negligent and intentional misrepresentation by all appellees; (8) civil conspiracy by all appellees; and (9) attorney malpractice by Johnson. Collin County sought summary judgment on all of its claims.

The summary judgment evidence consisted of: (1) the subrogation agreement signed by William; (2) the February 22, 1990 letter from Martin to American States; (3) the September 24, 1992 overnight letter from Martin to Johnson; (4) the December 4, 1992 and January 4, 1993 letters from Martin to Johnson; (5) the January 8, 1993 letter from Johnson to Martin with both motion and order to release funds attached; (6) the January 20, 1993 letter from Martin to Johnson; (7) the Martin affidavit; and (2) the two Johnson affidavits.

## A. Attorney Malpractice

Collin County contends Johnson was negligent, committing attorney malpractice. Specifically, Collin County contends Johnson was negligent in: (1) failing to tender the $30,279.82 owed to Collin County; (2) failing to inform Collin County that Nadine filed a motion to release funds; (3) failing to advise Collin County of a conflict of interest; (4) failing to pay the money recovered on Collin County's behalf upon request; (5) failing to advise Collin County he would not represent it at the mediation; and (6) failing to advise Collin County that he would not undertake representation of Collin County. Johnson counters that he never had an attorney-client relationship with Collin County.

A cause of action for attorney malpractice is based on negligence. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989). To maintain an attorney malpractice action against Johnson, Collin County had to establish that it was Johnson's client. *Parker v. Carnahan*, 772 S.W.2d 151, 156 (Tex. App.--Texarkana 1989, writ denied). The legal relationship of attorney and client is purely contractual and results from the mutual agreement and understanding of the parties concerned. *Id.* The attorney-client relationship may be either express or implied from the conduct of the parties. *Id.* It is sufficient if both parties, explicitly or by their conduct, manifest an intention to create an attorney-client relationship. *Id.*

In the absence of evidence that an attorney knew that the parties had assumed that he was representing them in a matter, the attorney has no affirmative duty to inform the party that he is not the party's attorney. *Dillard v. Broyles*, 633 S.W.2d 636, 643 (Tex. App.--Corpus Christi 1982, writ ref'd n.r.e), *cert. denied*, 103 S. Ct. 3539 (1983). An attorney may be obligated to inform a party he is not representing the party even though no facts prove an attorney-client relationship. *See Parker*, 772 S.W.2d at 157. This duty to advise arises if the fact finder determines that the attorney was aware or should have been aware that the attorney's conduct would have led a reasonable person to believe that he was being represented by the attorney. *Id.* Where there is no evidence that the attorney was aware the party assumed that he was the party's attorney in the matter, no duty to affirmatively deny the representation arises. *Dillard*, 633 S.W.2d at 643.

-10-

To support its position that an attorney-client relationship existed, Collin County relies on Martin's affidavit, Martin's September 24, 1992 letter to Johnson, and the motion to release funds. In his affidavit, Martin states that it was his understanding and good faith belief that Johnson represented Collin County at the mediation. Martin's good faith belief was apparently based on Johnson's failure to decline to represent Collin County. Two days prior to the mediation, Collin County sent its first letter to Johnson informing him of its subrogation interest. This letter states, in part, "We wish to recover the amount we have paid out, along with any attorney fees you may be charging us for this recovery." Collin County also relies on the language in the motion to release funds that alternatively requests recovery of attorney's fees in the event the trial court determined that Collin County was entitled to a subrogation right.

Johnson filed two counter affidavits, one attached to appellees' motion for summary judgment and the other attached to their response to Collin County's motion for summary judgment. In his affidavits, Johnson denies the existence of an attorney-client relationship. Johnson always stated to any representative of Collin County that he was not representing Collin County. Johnson stated that the money was placed into the court registry at the insistence of Texoma Advertising and Rodaway. Johnson and Nadine consistently maintained that Collin County did not have a subrogation interest in the money.

The record is devoid of any facts that Johnson knew or should have known Collin County believed Johnson represented it in the mediation or thereafter. Johnson was one

of several persons Collin County advised of its subrogation interest. Collin County contacted American States Insurance more than two years prior to contacting Johnson. After the mediation, Collin County contacted American States Insurance, not Johnson, to determine the outcome. This conduct of Collin County indicates that it was looking to American States Insurance rather than to Johnson to protect its subrogation interest.

This evidence fails to establish as a matter of law that Collin County and Johnson, through their conduct, manifested an intent to create an attorney-client relationship. This evidence also fails to establish as a matter of law that Johnson had an affirmative duty to inform Collin County that he was not its attorney. *See Dillard*, 633 S.W.2d at 643. Because Collin County failed to prove as a matter of law that an attorney-client relationship exists between Johnson and Collin County, Collin County is not entitled to summary judgment on its claim of legal malpractice.

## B. Violation of the Deceptive Trade Practices Act

Collin County contends Johnson violated the deceptive trade practices act when (1) he represented to Collin County that he would represent its interests at the mediation and (2) he filed the motion to release funds and obtained an order releasing the funds to Nadine without giving Collin County prior notice. A party may be held liable under the deceptive trade practices act if: (1) he fails to disclose information to a consumer concerning services which was known at the time of the transaction; (2) if such failure was intended to induce the consumer into a transaction; and (3) the consumer would not have entered into the

transaction had the information been disclosed. TEX. BUS. & COM. CODE ANN. § 17.46 (a) & (b)(23) (Vernon 1987 & 1996 Supp.). A consumer is someone who seeks or acquires by purchase or lease, any goods or services. TEX. BUS. & COM. CODE ANN. § 17.45 (4) (Vernon 1987). The deceptive trade practices act does include legal services. *DeBakey v. Staggs*, 612 S.W.2d 924, 925 (Tex. 1981) (per curiam). A consumer of legal services is someone who either purchases or has an agreement to purchase legal services. *See Roberts v. Burkett*, 802 S.W.2d 42, 47 (Tex. App.--Corpus Christi 1990, no writ).

We previously held that Collin County failed to prove an attorney-client relationship existed between itself and Johnson. Collin County has likewise failed to prove as a matter of law that it either purchased or had an agreement to purchase legal services from Johnson. *See Roberts*, 802 S.W.2d at 47. Without proving consumer status, Collin County was not entitled to summary judgment on its cause of action under the deceptive trade practices act.

### C. Breach of Contract

Collin County asserts William breached the contract when Nadine obtained the release of the funds from the registry of the court. Collin County had a subrogation agreement with William. Pursuant to that agreement, William agreed to repay the Collin County Insurance Fund any money he or his dependent may recover from a third party as reimbursement for medical expenses paid by Collin County. The elements of a breach of contract claim are: (1) a contract between the parties; (2) a breach by the defendant; and (3) damages resulting from the breach. *Snyder v. Eanes Ind. School Dist.*, 860 S.W.2d 692,

695 (Tex. App.--Austin 1993, writ denied).

William's duty under the subrogation agreement was to repay the Collin County Insurance Fund in the event he or Nadine recovered from a third person for the damages Nadine sustained in the August 10, 1989 automobile accident. Collin County alleged William breached his agreement when the $30,279.82 was released to Nadine. Nadine's obtaining the release of the money did not constitute a breach of the subrogation agreement by William, because William's duty under his contract with Collin County arose only after he or Nadine received the funds. Because Collin County failed to allege facts to establish a breach of William's contract with Collin County, the trial court properly denied Collin County's motion for summary judgment on its breach of contract cause of action.

### D. Tortious Interference

Collin County contends Johnson, acting with malicious intent, induced William to breach his subrogation agreement, damaging Collin County in the amount of $30,279.82. Further, Collin County alleges that appellees conspired by concerted action to cause the breach of contract that resulted in its damages.

To establish tortious interference with a contract, a plaintiff must show: (1) a contract existed that is subject to interference; (2) the act of interference was willful and intentional; (3) such intentional act was a proximate cause of the plaintiff's damages; and (4) actual damage occurred. *Central Savings & Loan Ass'n v. Stemmons Northwest Bank, N.A.*, 848 S.W.2d 232, 241 (Tex. App.--Dallas 1992, no writ). A person cannot tortiously

interfere with his own contract. *Frost Nat'l Bank v. Matthews*, 713 S.W.2d 365, 369 (Tex. App.--Texarkana 1986, writ ref'd n.r.e.).

The summary judgment record is devoid of any evidence of a willful interference with the subrogation agreement. Collin County failed to establish as a matter of law the necessary elements of its tortious interference cause of action. The trial court properly denied summary judgment on Collin County's tortious interference cause of action.

### E. Fraud

Collin County contends all appellees committed fraud when they concealed the motion to release funds. The elements of fraud are: (1) a material representation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth; (2) that was intended to be acted upon; (3) that was relied upon; and (4) that caused injury. *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994) (per curiam).

The summary judgment evidence shows that Johnson, on behalf of Nadine, filed a motion to release funds and that Collin County was unaware of the filing. This evidence alone does not establish as a matter of law the elements of fraud. The trial court properly denied summary judgment on Collin County's cause of action for fraud.

### F. Conversion

Collin County contends appellees committed conversion when they obtained release of the $30,279.82 that had been set aside for Collin County. Conversion is the wrongful

exercise of dominion and control over another's property in denial of or inconsistent with his rights. *Tripp Village Joint Venture v. MBank Lincoln Centre*, 774 S.W.2d 746, 750 (Tex. App.--Dallas 1989, writ denied). An action for conversion of money will lie if the money can be identified as a specific chattel. *Edlund v. Bounds*, 842 S.W.2d 719, 727 (Tex. App.--Dallas 1992, writ denied). An action for conversion of money will not lie if an indebtedness can be discharged by the payment of money generally. *Id*.

Nadine consistently disputed Collin County's right to the $30,279.82 in the court's registry. Collin County's claim for conversion fails because it failed to establish ownership of the funds in the court's registry. Accordingly, the trial court properly denied summary judgment on Collin County's cause of action for conversion.

### G. Negligence

Collin County contends appellees were negligent in failing to notify it of the motion to release funds and the hearing on the motion to release funds. The elements of negligence are a duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994). The summary judgment evidence fails to establish as a matter of law that appellees had a duty to notify Collin County of the motion to release funds and the hearing thereon. For this reason, the trial court properly denied Collin County's motion for summary judgment on its negligence cause of action.

## H. Misrepresentation

Collin County contends that appellees' conduct in obtaining release of the $30,279.82 from the trial court's registry constituted misrepresentation. The elements of misrepresentation are: (1) the representation is made by the defendant in the course of its business or in a transaction in which it has a pecuniary interest; (2) the defendant supplies false information as a guide to others; (3) the defendant did not exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff incurs damages by justifiably relying on the representation. *First Interstate Bank of Texas v. S.B.F.I., Inc.*, 830 S.W.2d 239, 245 (Tex. App.--Dallas 1992, no writ).

The summary judgment evidence does not establish as a matter of law that appellees supplied false information to either Collin County or the trial court. Collin County did not establish its entitlement to summary judgment on its misrepresentation cause of action. The trial court properly denied Collin County's motion for summary judgment on its misrepresentation claim.

## I. Conspiracy

Collin County contends appellees committed civil conspiracy by making claims for medical payments under the Collin County Insurance Fund, claiming to represent Collin County's interest at the mediation, and filing a false motion to release funds. The elements of civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt

acts; and (5) damages as a proximate result. *Central Savings & Loan Ass'n*, 848 S.W.2d at 241.

The summary judgment evidence does not establish as a matter of law that appellees engaged in any unlawful act. There is no evidence that the motion to release funds contained false statements. The evidence before the trial court at the summary judgment hearing did not establish Collin County's entitlement to summary judgment on its civil conspiracy cause of action.

We conclude the trial court properly denied Collin County's motion for summary judgment. We overrule Collin County's eighth point of error.

## CONCLUSION

We affirm that portion of the trial court's judgment denying Collin County's motion for summary judgment. We reverse that portion of the trial court's judgment granting appellees' motion for summary judgment. We remand this cause to the trial court for proceedings consistent with this opinion.

TOM JAMES
JUSTICE

Do Not Publish
Tex. R. App. P. 90
950281F.U05

-18-