**SEARS, ROEBUCK & COMPANY et al., Petitioners,**

v.

**Lawrence E. MEADOWS, Respondent.**

No. D–3659.

Supreme Court of Texas.

April 20, 1994.

Rehearing Overruled June 15, 1994.

Daniel Jordan, John F. Morehead, Austin, David Anderson, Marlin, for petitioners.

Bryan F. Russ, Bryan F. Russ, Jr., Bill Palmos, Hearne, for respondent.

PER CURIAM.

Of the many issues petitioner has raised in this appeal, the one we find dispositive is whether the trial court properly instructed the jury as to the elements of fraud. We hold that it did not.

Lawrence Meadows, a Sears Roebuck & Co. employee for 29 years and manager of a store electronics department, was indirectly involved in an incident which led to a customer leaving the store with merchandise, but without the documentation of sale required by Sears policy. The store manager, Glen Stranahan, happened upon the customer and initiated an investigation. Several days later, Stranahan called Meadows in, told him that he had reported the matter to regional management and that there was a strong possibility that Meadows would be fired. He directed Meadows to leave the store immediately and to call in after a few days. Stranahan did not disclose that a person with more

than 25 years employment with Sears could not be terminated without the agreement of regional and territorial management and that he had no intention of recommending termination. Whether Stranahan ever had the proper documentation for his report sent to upper management, in fact, was disputed. Meadows, after being put off several times, became increasingly anxious, and, finally, offered to take a demotion to salesperson. Sears accepted the offer the next day. After a year in this lesser position, his efforts to advance himself rebuffed, Meadows accepted an early retirement offer made as part of a reduction in force. At that time, and allegedly as a prerequisite to this special retirement offer, Meadows signed, without reading or receiving a copy, a document providing that in exchange for benefits received under the "Unit Closing Severance Allowance Plan", he released Sears from "any and all actions, causes of action ..., damages or claims of damage of every character whatsoever by reason of [his] employment with Sears, whether known or [thereafter] discovered, including, but not limited to," his termination.

Thereafter, Meadows sued Sears for having fraudulently induced him to accept the demotion by misrepresenting that there was a significant possibility that his employment would be terminated. Meadows also claimed that he did not discover the release and its significance until Sears asserted it in defense, and that the release was unenforceable because it was unsupported by consideration, was against public policy, and had been obtained through duress, coercion and fraud. A jury found that Sears had defrauded Meadows into taking the demotion, breached an agreement to treat Meadows with good faith and fair dealing, and obtained the release by fraud. The jury refused to find that the parties agreed that Meadows would receive severance and retirement benefits in exchange for the release. The trial court rendered judgment on the verdict for the damages found by the jury, consisting of $221,050 lost salary, $125,000 past mental anguish, and $250,000 punitive damages. The court of appeals held that there was no evidence that Sears had agreed to treat Meadows with good faith and fair dealing,

but affirmed the judgment based upon fraud. Only Sears appeals to this Court.

The trial court, in asking whether Sears defrauded Meadows into taking the demotion, defined fraud for the jury as follows:

Fraud may consist of a positive representation or the concealment of an important fact. It may be the suppression of the truth. It can consist of an undue advantage taken of a party under circumstances which mislead, confuse or disturb the just results of his judgment.

Under the Texas law for there to be fraud under this issue you must find that the information withheld was material; that Sears was under a duty to reveal the information; that Sears intentionally withheld the information or recklessly withheld without regard to the consequences; that the Plaintiff was not aware of the facts withheld; that the withholding caused the Plaintiff to act on a mistaken understanding of the facts; and that the Plaintiff was damaged by such withholding.

Sears objected that this instruction failed to include a necessary element of fraud, namely, that Sears intended to mislead Meadows. Sears pointed out to the trial court that the jury was instructed to find only whether Sears intended to withhold the information, not whether it intended to cause the consequences.

 "The elements of fraud are a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, *which was intended to be acted upon*, which was relied upon, and which caused injury." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex.1990), *citing Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977) (emphasis added). *See also* 4 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 105.03 (Supp.1993). The trial court refused, over Sears' objection, to include the element of intent to mislead, that is, that Sears intended Meadows to rely on its actions, in the definition of fraud. As the evidence of Sears' intent was much in dispute, the element was not established, and

its omission was error requiring that the judgment be reversed and the case remanded for a new trial.

We address only those additional complaints raised by Sears which would entitle it to rendition of judgment in its favor.

Sears contends that the evidence conclusively establishes that Meadows ratified the release and has waived any claim to the contrary. Sears also argues that there is no evidence that it defrauded Meadows into accepting demotion or signing the release, or that its conduct damaged Meadows. We have examined the record and concluded that the evidence is in conflict on these issues.

Finally, Sears contends that any state law claims for avoiding the release are preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (1988). Assuming that ERISA applies, without deciding that issue, that statute would not validate the release as a matter of law. Sears relies upon *O'Shea v. Commercial Credit Corp.*, 930 F.2d 358, 362 n. 3 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 177, 116 L.Ed.2d 139 (1991), but in that case the court applied state law to determine the validity of a release, specifically noting that no fraud was involved. *O'Shea,* 930 F.2d at 362. We leave Sears' preemption arguments for the trial court to consider on remand.

Accordingly, a majority of the court grants Sears' application for writ of error, and, without hearing oral argument, reverses the judgment of the lower courts and remands the case to the trial court for further proceedings consistent with this opinion. TEX. R.APP.P. 170.