For the reasons given above, I respectfully concur.

**CHRISTUS HEALTH d/b/a Uniform Services Family Health Plan, Appellant,**

v.

**QUALITY INFUSION CARE, INC., Appellee.**

No. 01–09–00591–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 8, 2011.

Jack McKinley, Wade R. Quinn, Ramey, Chandler, McKinley & Zito, P.C., Houston, TX, for Appellant.

John S. Adcock, David M. Gunn, Constance H. Pfeiffer, Beck, Redden & Secrest, L.L.P., Robert D. Green, Robert D. Green & Associates, P.C., Jerry W. Gunn, Law Office of Jerry W. Gunn, Gregg K. Saxe, Law Office of Gregg Saxe, P.C., Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION ON REHEARING

JANE BLAND, Justice.

Christus Health Services, d/b/a Uniform Services Family Health Plan (Christus) manages a network of medical and healthcare providers in east Texas and western Louisiana. The health plan is for active and retired members of the Armed Services, their families, and survivors. Quality Infusion Services (Quality) provided

medical services to several Christus members referred to it by a specialist in Christus's network. Quality itself, however, was not part of the network. Christus paid some of Quality's invoices, but denied others on the basis that Quality had not complied with the terms of the medical plan. Quality sued Christus to collect the unpaid invoices, claiming that Christus breached its duty to pay or, alternatively, owed it an equitable recovery on a quantum meruit theory.

A jury trial culminated in findings that Christus failed to comply with the medical plan by denying Quality payment, but that the failure to comply was excused. The jury also awarded Quality quantum meruit recovery in the amount of $225,000. The trial court entered judgment on the jury's quantum meruit findings. Christus appeals, seeking reversal on the grounds that: (1) the existence of an express contract covering the medical treatments at issue precludes quantum meruit recovery; (2) the evidence does not support findings that Christus "accepted," "used," or "enjoyed" the services and pharmaceutical drugs provided by Quality required for quantum meruit recovery; and (3) federal law preempts Quality's quantum meruit claim. We grant rehearing to address an argument that we did not address in our first opinion. We withdraw our earlier opinion and issue this one in its stead, but our disposition is unchanged. We hold that the express contract rule bars Quality from a quantum meruit recovery and reverse.

## Background

Christus manages a health benefits network for military families and survivors covered under TRICARE, a DoD healthcare program. "TRICARE was established to operate the Military Health Service, and has evolved into a partnering structure that is unique to both Government and civilian healthcare sectors." *Ax-iom Res. Mgmt., Inc. v. United States,* 78 Fed. Cl. 576, 578 n.3 (2007) (internal quotation omitted). TRICARE in the United States is divided into the North, South, and West Regions. Most of Texas comes within the purview of the South Region contractor, Humana Healthnet. The DoD designates and contracts with health benefits providers within each region, like Christus, who compete to enroll TRICARE members. The DoD pays each provider a fixed rate for each enrolled member per month for their managed healthcare.

Dr. Paul Proffitt, a specialist in the Christus network, referred several of his patients to Quality for infusion therapy services. Quality is a pharmacy licensed to provide infusion therapy services, such as chemotherapy, to individuals in their homes.

Under the TRICARE operations manual Quality is classified as a "non-network participating provider." Unlike a "participating network provider," which has contracted with Christus to become part of its healthcare network, "non-network participating providers" have not contracted with Christus. Christus's contract with the DoD requires Christus to bear the cost of treatment by a non-network provider if a network specialist refers a patient to the provider.

Quality, however, in some instances provided the medication and services to Dr. Proffitt's patients before it received authorization to do so from Christus. Christus later authorized and paid some claims but denied others.

Quality then sued Christus to recover the amount of unpaid charges it billed to Christus for the infusion of drugs and related nursing services Quality provided to Christus members. After hearing the evidence, the jury affirmatively answered the question, "Did [Christus] fail to comply

with the medical plan by denying payment to [Quality]?" [1] The jury decided, however, that Christus's failure to comply with the medical plan was excused. In answering that question in the affirmative, the jury agreed that Christus was excused by: (1) Quality's "previous failure to comply with a material obligation of the medical plan"; (2) Quality's "prior repudiation of the same terms and requirements of the medical plan"; or (3) Quality's waiver of compliance. Further, the jury specifically found that Quality failed to comply with the medical plan by failing to obtain proper authorization before it provided services to the patients.

In addressing the quantum meruit issue, the jury answered "yes" to the following:

Did [Quality] perform compensable work for [Christus]?

One party performs compensable work if valuable services are rendered or materials furnished for another party who knowingly accepts and uses them if the party accepting them should know that the performing party expects to be paid for the work.

The jury found that the reasonable value of Quality's compensable work was $225,000. The trial court entered judgment on the verdict, adding prejudgment interest and attorney's fees for a total of $339,082.19. The judgment dismissed Quality's claims under the Texas "Any Willing Provider" statute and the Texas Insurance Code, as well as its claim for negligent misrepresentation, and Quality does not appeal those dismissals.

Christus timely appealed.

1. The term "medical plan" refers to the "US Family Health Plan Resource Directory," which contains information for members and prospective members about enrollment requirements, benefits, claims processing, the scope of coverage, and procedures for obtaining treatment and services.

## Discussion

### I. Standard of Review

Both the existence of an express contract and federal preemption are affirmative defenses to Quality's state law quantum meruit claim. *See Tricon Tool & Supply, Inc. v. Thumann,* 226 S.W.3d 494, 500 (Tex.App.-Houston [1st Dist.] 2006, pet. denied) (noting that express contract is affirmative defense to quantum meruit claim); *Harrill v. A.J.'s Wrecker Serv., Inc.,* 27 S.W.3d 191, 194 (Tex.App.-Dallas 2000, pet. dism'd w.o.j.) (observing that preemption is affirmative defense (citing *Kiefer v. Cont'l Airlines, Inc.,* 882 S.W.2d 496, 497–98 (Tex.App.-Houston [1st Dist.] 1994), *aff'd,* 920 S.W.2d 274 (Tex.1996))). A party that asserts an affirmative defense bears the burden of proving it. *Tricon Tool & Supply,* 226 S.W.3d at 501. In the absence of specific jury findings on these affirmative defenses, we consider whether Christus has established each element of its defense conclusively and whether reasonable minds could not differ as to the truth of the controlling facts. *See Brown v. Zimmerman,* 160 S.W.3d 695, 702 (Tex. App.-Dallas 2005, no pet.); *Brown v. Shores,* 77 S.W.3d 884, 885 n. 2 (Tex.App.-Houston [14th Dist.] 2002, no pet.). In reviewing the express contract issue, we note the jury's findings that Christus failed to pay for medical services under the plan but was excused from doing so.

### II. Quantum meruit

Quantum meruit "is founded [on] the principle of unjust enrichment." *Bashara v. Baptist Mem'l Hosp. Sys.,* 685 S.W.2d 307, 310 (Tex.1985). Unjust enrichment is an implied-contract theory stating one should make restitution when

it would be unjust to retain benefits received. *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex.App.-Dallas 2006, no pet.). Unjust enrichment allows recovery "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. Corpus Christi,* 832 S.W.2d 39, 41 (Tex.1992). It is "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 740 (Tex.2005) (internal quotation marks omitted).

■ But an express contract between the parties precludes a plaintiff from recovering for services rendered in quantum meruit if the contract covers those services or materials and if no exception to the general rule applies. *See Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 683–84 (Tex.2000); *Pepi v. Galliford,* 254 S.W.3d 457, 462 (Tex.App.-Houston [1st Dist.] 2007, pet. denied); *see also Woodard v. Sw. States, Inc.,* 384 S.W.2d 674, 675 (Tex. 1964) ("Recovery on an express contract and on quantum meruit are inconsistent."). The equitable remedy of quantum meruit is therefore unavailable when an express contract covers the subject matter at issue—the party seeking compensation has a legal remedy under the contract. *See id.* (citing *Heldenfels Bros.,* 832 S.W.2d at 41); *see also Hester v. Friedkin Cos., Inc.,* 132 S.W.3d 100, 106 (Tex.App.-Houston [14th Dist.] 2004, pet. denied) (holding that express contract bar applies not just when plaintiff is seeking to recover in quantum meruit from party with whom it expressly contracted, but also when plaintiff is seeking to recover "from a third party foreign to the original contract but who benefitted from its performance") (quoting *Iron Mountain Bison Ranch Inc. v. Easley Trailer Mfg., Inc.,* 42 S.W.3d 149, 160 (Tex.App.-Amarillo 2000, no pet.)).

*A. Analysis*

■ Christus contends that an express contract bars Quality from recovering in quantum meruit. Quality first responds that Christus waived the express contract defense by failing to plead it or cite it as a ground for summary judgment, motion for directed verdict, or motion for judgment notwithstanding the verdict. *See Tricon Tool & Supply, Inc.,* 226 S.W.3d at 500 ("The defendant must plead and prove the affirmative defense of an express contract or the defendant waives it." (citing *Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 685 (Tex.2000))). It was Quality, however, that invoked rights under the contract. In its live pleadings at the time of trial, Quality asserted claims for breach of contract as both assignee and third-party beneficiary of the Christus members to whom it provided prescribed medication and services. Quality sued under the medical plan directly, based on its treatment of patients who were referred to Quality by their Christus-designated primary care physician, and indirectly, based on the written assignments of rights it obtained from the members it had treated. Quality characterized its quantum meruit claim as an alternative ground for relief. At trial, Quality continued to proceed under both theories, submitting both breach of contract and quantum meruit issues in the jury charge. In its answer, Christus invoked the contract defenses of failure to meet a condition precedent, anticipatory repudiation, prior material breach, and failure to mitigate. The jury heard evidence on these issues and made affirmative findings on the questions of breach and excuse. These findings necessarily refer to the existence of a contract. *See* Tex.R. Civ. P. 279; *Valero Mktg. & Supply Co. v. Kalama Int'l,* 51 S.W.3d 345, 351 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (reciting that existence of contract is essential element of action for breach of contract).

▪ The court decides the legal question of whether an express contract covers the services at issue. *Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.*, 356 S.W.3d 54, 70 (Tex.App.-Houston [1st Dist.] 2011, no pet. h.). "When the evidence shows that no contract covers the service at issue, *then* the question of whether a party may recover in quantum meruit is for the trier of fact." *Id.* (emphasis in original). Here, the medical plan covers the same medication and services to its members as those provided by Quality, albeit through an approved network provider—not through Quality. But, Quality cannot avoid the express contract bar to its quantum meruit claim on the ground that Christus did not designate Quality as an approved network provider or otherwise treat Quality as a party to the medical plan for purposes of providing those services. The express contract bar applies not only when the plaintiff seeks to recover in quantum meruit from the party with whom he expressly contracted, but also when the plaintiff seeks recovery from a third party foreign to the original contract but who benefitted from its performance. *W & W Oil Co. v. Capps*, 784 S.W.2d 536, 537 (Tex.App.-Tyler 1990, no writ) (citing *Black Lake Pipe Line Co. v. Union Constr. Co.*, 538 S.W.2d 80 (Tex.1976), *overruled on other grounds*, 767 S.W.2d 686, 690 (Tex.1989)); *see also San Antonio Masonry & Tool Supply, Inc. v. Epstein & Sons Int'l, Inc.*, 281 S.W.3d 441, 445–46 (Tex.App.-San Antonio) (holding that express contract between supplier and subcontractor for masonry materials barred supplier's quantum meruit claim against general contractor for value of materials provided), *judgment vacated pursuant to settlement*, No. 04–04–00032–CV, 2005 WL 1458065 (Tex.App.-San Antonio Jun. 22, 2005).

### B. Exceptions to express contract bar

Quality next contends that it is nevertheless entitled to quantum meruit recovery because its provision of non-network infusion services to USFHP members satisfies an exception to the express contract bar to equitable relief. Despite the existence of an express contract, Texas courts have permitted recovery in quantum meruit under limited circumstances, for instance, when a plaintiff partially performs either a construction contract or a contract that is unilateral in nature, or when a plaintiff has partially performed an express contract but, because of the defendant's breach, the plaintiff is prevented from completing the contract. *Truly*, 744 S.W.2d at 937. Quality asserts that the contract in this case comes within the exception for unilateral contracts.

▪ We need not consider the issue as Quality frames it because the jury's findings preclude quantum meruit recovery in any event. First, the jury found that Christus was excused from any obligation to pay Quality because of Quality's prior failure to comply with a material obligation of the medical plan. Second, the jury found that Christus did not promise Quality that it would allow and pay for any of the patients' treatments notwithstanding the terms of the plan. Third, the jury found that Quality failed to comply with the terms and requirements of the medical plan by failing to obtain proper authorization before it provided services under the plan. These findings require the conclusion that Quality committed the first breach. "The only Texas cases that have permitted a *breaching* plaintiff to recover in quantum meruit have involved building or construction contracts." *Truly*, 744 S.W.2d at 937 (emphasis in original). "Central to the contractor's right to recover in quantum meruit is the owner's acceptance and retention of the benefits arising as a direct result of the contractor's partial

performance." *Id.* The medical plan is not a construction contract. And, the rationale for permitting a breaching plaintiff to recover does not exist here. Christus did not accept the benefits of Quality's performance—the third-party patient did—and Quality failed to secure Christus's acceptance of the benefits it conferred. In contrast to the cases discussed in *Truly,* the jury here found that Quality breached the agreement by failing to first obtain Christus's acceptance-the very nucleus of the rationale for allowing recovery in those cases.

We hold that the trial court erred in awarding judgment in favor of Quality on the jury's quantum meruit finding because the express contract rule bars a quantum meruit recovery here as a matter of law, given the jury's implied findings that a contract existed, and express finding that Christus's failure to comply was excused—coupled with evidence that Quality failed to seek pre-authorization for treatment, as the agreement required. *See Pepi Corp.,* 254 S.W.3d at 462–63; *see also Bado Equip. Co., Inc. v. Bethlehem Steel Corp.,* 814 S.W.2d 464, 473 (Tex.App.-Houston [14th Dist.] 1991, no writ) (holding that summary judgment was proper on unjust enrichment claim brought by seller of cranes [against purchaser, constructor of rig, corporation that subsequently purchased rig, and second corporation which, along with constructor, was joint owner of corporation that purchased rig] because of express contract covering goods); *Econ. Forms Corp. v. Williams Bros. Constr. Co., Inc.,* 754 S.W.2d 451, 458–59 (Tex. App.-Houston [14th Dist.] 1988, no writ) (holding general contractor not liable in quantum meruit for unpaid party who had lease agreement with subcontractor covering materials provided by party because express contract covered materials).

## Conclusion

We hold that the trial court erred in awarding judgment in favor of Quality on the jury's quantum meruit finding. We therefore reverse the judgment of the trial court and render judgment that Quality take nothing from this suit. All other pending motions are dismissed as moot.