



## MEMORANDUM OPINION

No. 04-11-00897-CV

**FORT DUNCAN MEDICAL CENTER, L.P.**,
Appellant

v.

Edwin **MARTIN** and Esther Martin, Individually and as Representative of the Estate of Robert
Martin,
Appellees

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 10-12-26093-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

### OPINION ON APPELLEE'S MOTION FOR REHEARING

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:  August 1, 2012

REVERSED AND REMANDED

        We grant Edwin Martin and Esther Martin's, Individually and as Representative of the

Estate of Robert Martin, Motion for Rehearing. This court's opinion and judgment dated May

16, 2012 are withdrawn and substituted with this opinion and accompanying judgment. Fort

Duncan Medical Center appeals the trial court's order denying its motion to dismiss Edwin

Martin and Esther Martin's, Individually and as Representative of the Estate of Robert Martin, lawsuit. We reverse and remand.

## BACKGROUND

Robert Martin was an outpatient at Fort Duncan Medical Center ("the Center") where he underwent surgery. Robert's parents (the Martins) alleged that during the surgery Dr. Fowler severed both of Robert's internal carotid arteries and ultimately caused Robert's death. The Martins filed suit against Dr. James H. Fowler and his employer Maverick County Hospital District, asserting negligence and gross negligence in the performance of the surgery and post-operative care. After discovery began, the Martins filed suit against the Center, alleging negligent credentialing of Dr. Fowler. However, the Martins dismissed the negligent credentialing claim and proceeded against the Center for conspiracy and fraud. In their sixth amended petition, the Martins alleged (1) Maverick County Hospital District was liable for the negligent acts of its agent, Dr. Fowler, in his performance of surgery and post-operative treatment of Robert Martin, and (2) Dr. Fowler and Fort Duncan Medical Center acted in concert almost two weeks after the death of Robert Martin to falsify the operative report of the surgery in question "in order to gain an economic advantage in the potential litigation of this action or to conceal material facts that would implicate Defendant Dr. James Fowler M.D. and Defendant Fort Duncan Medical Center, L.P." The Martins alleged that almost two weeks after Robert's surgery Dr. Fowler altered the medical records at the request of the Center's attorneys. The Martins claim Dr. Fowler added an addendum to his operative report and made changes to Robert's medical history. They pled Dr. Fowler changed the medical records to reflect that he performed certain procedures that he did not perform and never intended to perform.

Although the Martins assert their claim is a fraud claim and not a health care liability claim, they pled the Center was given proper written notice as required by Chapter 74 of the Medical Liability Act. The Martins also filed an affidavit from John C. Hyde, Ph.D., who asserted the Center "grossly failed in its duty to protect patients, such as Mr. Martin, from an environment of deception and lack of accountability."

The Center filed a motion to dismiss the Martins' suit, asserting the claims were health care liability claims and the Martins failed to file an expert report that complied with section 74.351 of the Texas Civil Practices and Remedies Code. In response, the Martins argued that the claims against the Center were not health care liability claims; rather, they were fraud and conspiracy claims not subject to the requirements of Chapter 74. The trial court denied the motion stating the fraud and conspiracy claims were not health care liability claims, and the Center appeals.

## DISCUSSION

A claim against a health care provider that the provider departed from accepted standards of care is governed by section 74.351 of the Texas Civil Practice and Remedies Code. Section 74.351 requires that a plaintiff serve on each party "one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011). An "expert report" is defined as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id.* § 74.351(r)(6). A court must grant a motion to dismiss under section

74.351(b) if, after the 120–day deadline has passed, it appears to the court that the report does not represent an objective, good-faith effort to comply with the definition of an expert report. *Id*. § 74.351(b)(l ).

The question of whether a claim is a health care liability claim is a question of law that we review de novo. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 847 (Tex. 2005). We look to the nature and essence of the claim, rather than the way the parties plead their cause of action. *Id.*; *see Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 664 (Tex. 2010). When the essence of the suit is a health care liability claim, a party cannot avoid the statutory requirement of filing an expert report in support of its claim by artful pleading. *Yamada v. Friend*, 335 S.W.3d 192, 195–96 (Tex. 2010); *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004). The Texas Supreme Court has warned that "allowing the claim to be split or spliced into a multitude of other causes of action with differing standards of care, damages, and procedures would contravene the Legislature's explicit requirements." *Yamada*, 335 S.W.3d at 197; *see also Diversicare Gen. Partner*, 185 S.W.3d at 854 (holding claimant could not allege premises-liability claim independent of health care liability claim). A claim is a health care liability claim if it implicates standards of medical care by alleging a negligent act or omission that is "an inseparable or integral part of the rendition of medical services." *Marks*, 319 S.W.3d at 664.

The Martins contend their claims against the Center are not health care liability claims because they are not directly related to acts that occurred during Robert's treatment, medical care, or confinement. Rather, they assert the basis of their suit against the Center is for fraud.[1]

---

[1] A fraud cause of action requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury. *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994).

Following the principles espoused in *Yamada*, we hold the Martins' claims against the Center are health care liability claims. The Texas Supreme Court has clearly stated that artful pleading and the recasting of claims, in an attempt to avoid the expert report requirement, is not permissible. *Yamada*, 335 S.W.3d at 197. Initially, the Martins claimed the Center negligently credentialed Dr. Fowler, which is clearly a health care liability claim. *Garland Cmty. Hosp.*, 156 S.W.3d at 546. They amended their pleadings to eliminate the negligent credentialing claim and pled the Center committed fraud by requesting Dr. Fowler alter Robert's medical records. In the Martins' sixth amended petition, they seek damages they claim were proximately caused by Dr. Fowler's alleged falsification of medical records.

Section 74.001(13) defines a health care liability claim as including a departure from accepted standards of professional or administrative services directly related to health care. TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West 2011). The preparation of medical records is an "administrative service" directly related to the rendition of health care and a memorialization of that care. *See TTHR, L.P. v. Coffman*, 338 S.W.3d 103, 108 (Tex. App.—Fort Worth 2011, no pet.) ("[T]he duty to create records is directly related to the acts performed by the health care provider or treatments received by the patient."); *see also* 22 TEX. ADMIN. CODE § 165.1(a) (2010). The substance of the Martins' claims arise by reason of the same occurrence—the operation and post-operative treatment of Robert Martin. Their suit against the Center is premised on the acts and omissions of Dr. Fowler with respect to his surgery and post-operative treatment of the patient. The record tampering claims involve an examination of the intent of Dr. Fowler in completing the medical records associated with the same surgery and post-operative treatment. Thus, the Martins' claims are health care liability claims. *See Marks*, 319 S.W.3d at 664.

On rehearing, the Martins assert that upon determining their claims against the Center are health care liability claims, the case should have been remanded for the trial court to determine whether the expert report of John C. Hyde, Ph.D. is deficient and if found to be deficient, whether they are entitled to a thirty-day extension to correct the deficiency. We agree. The trial court denied the Center's motion to dismiss because it found the Martins' claims were not health care liability claims. The trial court did not review Hyde's report to determine whether it met the requirements of Chapter 74. Therefore, this case must be remanded for the trial court to make such determination. *Leland v. Brandel*, 257 S.W.3d 204, 207 (Tex. 2008); *see also Am. Transitional Care Ctrs. of Tex. v. Palacios*, 45 S.W.3d 873, 878 (Tex. 2001) (issue for the trial court is whether "the report" represents a good-faith effort to comply with the statutory definition of an expert report in TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011)).

We hold the trial court erred by concluding the Martins' claims were not health care liability claims. We hold the Martins' claims against the Center are health care liability claims subject to the expert report requirements in section 74.351 of the Texas Civil Practice and Remedies Code. The case is remanded to the trial court for further proceedings consistent with this opinion.

Steven C. Hilbig, Justice