Opinion issued June 25, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00643-CV

———————————

**JOSEPH GLASS AND HILDEGARD GLASS, Appellants**

**V.**

**MILES GILBERT D/B/A MG SHEET METAL WORKS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1013437**

---

## MEMORANDUM OPINION

In this lawsuit involving construction of a metal fence, Joseph and Hildegard Glass appeal the trial court's summary judgment in favor of Miles Gilbert d/b/a MG Sheet Metal Works. The Glasses contend that they raised fact issues in

support of their claims for breach of contract, deceptive trade practices, fraud, and unjust enrichment. We conclude that the summary-judgment evidence raises fact issues on the breach of contract and unjust enrichment claims, but not on the others. We therefore affirm in part, reverse in part, and remand for further proceedings.

## Background

In 2011, the Glasses and Gilbert planned to build a steel fence to surround the Glasses' yard. Gilbert and Glass discussed specifications for its construction, and the Glasses paid a partial price of $36,000 to Gilbert. Gilbert then purchased steel and began assembling the fence at his business, MG Sheet Metal Works. After several months, Gilbert had not installed the fence in the Glasses' backyard, and the Glasses had not paid any additional money. The Glasses then sued Gilbert for his failure to complete the fence. They sought a return of their partial payment.

Gilbert moved for no-evidence summary judgment, and the trial court granted it with respect to the Glasses' deceptive trade practices, implied warranty, and fraud claims only. Gilbert again moved for summary judgment, which the trial court granted as to the remaining breach of contract and unjust enrichment claims. The Glasses appeal the trial court's summary judgments in favor of Gilbert for breach of contract, deceptive trade practices, fraud, and unjust enrichment.

**Discussion**

*Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Samuel v. Fed. Home Loan Mortg. Corp*., 434 S.W.3d 230, 233 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009)). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004). When a defendant moves for summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). We consider the summary-judgment evidence in the light most favorable to the nonmovant. *Fielding,* 289 S.W.3d at 848. We indulge every reasonable inference in the nonmovant's favor. *Samuel*, 434 S.W.3d at 233 (citing *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005), *and Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003)).

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential

elements of a claim or defense on which the adverse party bears the burden of proof at trial. *Tejada v. Gernale*, 363 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing TEX. R. CIV. P. 166a(i)). The trial court must grant the motion unless the nonmovant presents more than a scintilla of evidence to raise a genuine issue of material fact on each element specified in the motion. *Id.* (citing TEX. R. CIV. P. 166a(i), *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006), and *Merrill Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) ("More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'") (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995))).

## I.     Breach of Contract

*Applicable Law*

To prevail on a breach of contract claim, "a party must establish that: (1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach." *AMS Constr. Co., Inc. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—

4

Houston [1st Dist.] 2001, no pet.). "A breach occurs when a party fails or refuses to do something he has promised to do." *Id.* (quoting *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

A contract must be sufficiently definite to be legally binding. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). The rules regarding the definiteness of material terms of a contract are based on the concept that a party cannot accept an offer and form a contract unless its terms are reasonably certain. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth,* 22 S.W.3d 831, 846 (Tex. 2000). An agreement is not enforceable if it is so indefinite that a court cannot determine the legal obligations and liabilities of the parties. *Cytogenix, Inc. v. Waldroff,* 213 S.W.3d 479, 485 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

*Analysis*

Gilbert's motion for summary judgment contended that there is no evidence that (1) the parties formed a valid contract; (2) he breached any agreement; and (3) he caused any damages to the Glasses.

According to the Glasses, they adduced evidence raising fact issues as to all three elements. In affidavit summary-judgment evidence, Joseph Glass and Gilbert each averred that the Glasses had paid Gilbert a $36,000 deposit and that Gilbert had agreed to build a steel fence. Glass averred that the agreed price was

5

approximately $60,000, but Gilbert averred that the agreed price was in excess of $70,000. Both proffered evidence that Gilbert purchased steel and had started to work on the fence. Joseph Glass averred that the Glasses had not received the completed fence as Gilbert had promised them. He claimed losses in the amount of their $36,000 deposit, $5,000 spent to clear trees in their yard, loss of privacy, and loss of use of their yard.

We conclude that Gilbert's and Glass's affidavits raise a fact issue as to whether a valid contract existed, including conflicting evidence of an agreed purchase price and partial performance. *See T.O. Stanley*, 847 S.W.2d at 221; *Cathey*, 900 S.W.2d at 341; *Tejada*, 363 S.W.3d at 704; *Cytogenix,* 213 S.W.3d at 485.

Further, their conflicting affidavits raise a fact issue with regard to breach of contract and resulting damages. In his affidavit, Joseph Glass averred that (1) Gilbert did not request more money than the initial deposit of $36,000 in order to continue constructing the fence; (2) Gilbert did not inform the Glasses that the price of the fence would exceed their agreement; (3) the Glasses did not refuse to pay for the fence; and (4) they did not inform Gilbert that they wanted to cancel the fence's construction. Gilbert proffered a conflicting affidavit, averring that he had requested additional payment before galvanizing the fence, but that Joseph Glass

6

had refused to pay him. Gilbert also proffered deposition testimony to demonstrate Glass's refusal to pay for the next step of the construction process.

Based on the conflicting affidavits, we conclude that the Glasses have raised a fact issue as to whether Gilbert breached the contract when he did not deliver or install the fence or refund the deposit, resulting in damages to the Glasses, who had paid $36,000 to start construction of a steel fence. *See AMS Constr.*, 357 S.W.3d at 41; *Cathey*, 900 S.W.2d at 341. Accordingly, we reverse the trial court's summary judgment against the Glasses on their breach of contract claim and remand for further proceedings. *See AMS Const.*, 357 S.W.3d at 41; *Cathey*, 900 S.W.2d at 341.

## II. Deceptive Trade Practices

*Applicable Law*

To prevail on a DTPA claim, the Glasses must prove that: (1) they were consumers; (2) Gilbert engaged in at least one of the laundry list items; (3) they detrimentally relied on the false, misleading, or deceptive act or practice; and (4) the false, misleading, or deceptive act or practice was a producing cause of their injury. TEX. BUS. & COM. CODE ANN. § 17.50(a)(1) (West 2013); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996); *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 21 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). A party may demonstrate its entitlement to summary judgment on a deceptive trade

7

practices claim by showing that it did not make a misrepresentation to a consumer. *See Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 388–89 (Tex. App.— Houston [1st Dist.] 2011, no pet.) (affirming trial court's summary judgment on DTPA claim that insurance company made misrepresentations on insurance contract).

*Analysis*

Gilbert contended in his no-evidence motion for summary judgment that the Glasses offered no evidence of a misrepresentation. The Glasses argue the evidence raises a fact issue showing that Gilbert knowingly spent the deposit for his personal use and misrepresented that he had begun building the fence, even though he had no plans to do so. They also contend that Gilbert misrepresented the length of time it would take to complete the project.

The Glasses have not raised sufficient evidence to defeat summary judgment in support of their deceptive trade practices claim. They argue that the proffered bank statements and copies of checks show that Gilbert deposited the $36,000 check and spent the funds for his personal use. However, the bank statements and checks do not demonstrate what Gilbert purchased with the money he received from the Glasses. To support his claim that Gilbert had promised to build the fence without intending to build it, Joe Glass averred in his affidavit that Gilbert told him that he had not purchased steel, but the Glasses also produced an invoice

8

showing that Gilbert spent at least $16,000 on steel. The Glasses did not proffer evidence that Gilbert promised to build the fence with no intent of doing so. We hold that the Glasses have not presented more than a scintilla of evidence to raise a genuine issue of material fact to support their claim of Gilbert's misrepresentation. *See* TEX. BUS. & COM. CODE ANN. § 17.50(a)(1); *Tejada*, 363 S.W.3d at 704.

The Glasses additionally proffered evidence that Gilbert started to work on the project. In his affidavit, Joe Glass averred that Gilbert had visited his property to measure it and discussed project details with him. Glass further averred that Gilbert had agreed to complete the fence without interruption. He provides emails from Gilbert, which state that Gilbert had been working on the project and had been slowed down because of Glass's changing requests regarding the fence.

Because the Glasses themselves adduced evidence that Gilbert spent money for fence materials and began initial steps to build the fence, the Glasses have not raised evidence of a false, misleading, or deceptive act separate from an ordinary breach of contract. *See* TEX. BUS. & COM. CODE ANN. § 17.50(a)(1) (West 2013); *Amstadt*, 919 S.W.2d at 649; *see also Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996) (per curiam) (holding that misrepresentation based only on failure to perform contractual promise cannot be basis for DTPA claim); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) ("[I]f the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the

plaintiff's claim ordinarily sounds only in contract."). Accordingly, they have not met their burden to show more than a scintilla of evidence to raise a genuine issue of material fact on their deceptive trade practices claim. *See* TEX. R. CIV. P. 166a(i); *Tejada*, 363 S.W.3d at 704.

## III.    Fraud

*Applicable Law*

Fraudulent inducement is a particular type of fraud that arises only in the context of a contract. *Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001). A fraud claim requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47–48 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)). A promise of future performance is an actionable misrepresentation if the promise was made without an intention to perform at the time the promise was made. *Id.* at 48 (citing *Schindler v. Austwell Farmers Coop.*, 841 S.W.2d 853, 854 (Tex. 1992)). A party must present evidence relevant to intent at the time the representation was made; demonstrating failure to perform a contract is not sufficient to support a claim of fraud. *Id.*

*Analysis*

In his no-evidence summary-judgment motion, Gilbert contended that there was no evidence that he made a false representation to the Glasses. The Glasses responded that Gilbert knowingly spent the deposit for personal benefit and misrepresented that he had started building the fence, even though he had no plans to do so. But the Glasses raised no evidence to demonstrate that Gilbert intended not to perform the contract at the time the parties entered into, a necessary element of a fraudulent inducement claim. *See Formosa*, 960 S.W.2d at 48. Accordingly, we hold that the Glasses have not met their burden to show a genuine issue of material fact to support their fraud claim. *See* TEX. R. CIV. P. 166a(i); *Tejada*, 363 S.W.3d at 704.

## IV.    Unjust Enrichment

*Applicable Law*

Unjust enrichment is an implied-contract theory providing that one should make restitution if it would be unjust to retain received benefits. *Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 722–23 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The theory is "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Id.* at 723 (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005)). One may recover when another person has received a benefit from another by fraud, duress, or the

taking of an undue advantage. *Id.* (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)).

However, when an express contract covers the subject matter of the dispute, generally there can be no recovery under a quasi-contract theory, such as unjust enrichment. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Ledig v. Duke Energy Corp.*, 193 S.W.3d 167, 176 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement." *Id.* The party seeking to recover from unjust enrichment has a legal remedy under the contract. *Christus Health*, 359 S.W.3d at 723.

*Analysis*

In his motions for summary judgment, Gilbert contended that there was no evidence of unjust enrichment with respect to the $36,000 deposit, because he proffered evidence that he spent more on materials and labor than the amount of the deposit. The Glasses responded to the motions, arguing that Gilbert was unjustly enriched because he used the deposit to pay other debts, bought "subpar steel," and did not work on the project. Such evidence is sufficient to raise a fact issue to support unjust enrichment as an alternative remedy, should the Glasses not prevail on their breach of contract claim. *See Fortune Prod.*, 52 S.W.3d at 684; *Christus Health*, 359 S.W.3d at 723.

## Conclusion

We hold that the Glasses adduced facts in support of their claims for breach of contract and unjust enrichment, but not their DTPA and fraud claims. Accordingly, we affirm the trial court's summary judgment in favor of Gilbert on the Glasses' claims for fraud and deceptive trade practices, reverse its judgment on their claims for breach of contract and unjust enrichment, and remand the case for further proceedings.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.