**Reversed and Rendered in Part and Affirmed in Part and Memorandum Opinion filed May 10, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00350-CV

---

### ALPHAMAR GROUP INC., Appellant

### V.

### M&M PROTECTION, LLC AND PIONEER WASTE SERVICES, INC., Appellees

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1093580**

---

### MEMORANDUM OPINION

Appellant Alphamar Group, Inc. ("Alphamar") appeals from a judgment in favor of appellees M&M Protection, LLC ("M&M") and Pioneer Waste Services, Inc. ("Pioneer") following a jury trial. In two issues, Alphamar argues (1) the trial court erred in imposing "death penalty sanctions" against Alphamar without first ordering lesser sanctions; and (2) Pioneer's claim for quantum meruit was barred by the contract between Pioneer and M&M. We affirm in part, reverse in part, and

render judgment that Pioneer take nothing by way of its quantum meruit claim against Alphamar.

## I.  BACKGROUND

On June 29, 2015, Alphamar hired M&M to remove copper slag from a ship located in the Port of Houston by entering into a Work Authorization agreement. M&M hired Pioneer as a subcontractor to remove the copper slag. According to M&M, Alphamar failed to pay M&M's invoices for the work, totaling $127,020.43 plus interest. On May 24, 2017, M&M filed a lawsuit against Alphamar, asserting claims for breach of contract, quantum meruit, and attorney's fees. In its amended answer, Alphamar asserted affirmative defenses and a counterclaim against M&M for breach of contract, quantum meruit, and promissory estoppel.

On July 25, 2017, M&M served a request for disclosures to Alphamar pursuant to Texas Rule of Civil Procedure 194.2. *See* Tex. R. Civ. P. 194.2(b).[1] M&M then filed an amended third-party petition against Pioneer, seeking contribution and indemnity for any damages awarded to Alphamar, or for any amounts not awarded to M&M resulting from the acts and/or omissions by Pioneer. On August 16, 2017, M&M submitted to Alphamar its first request for production and first set of interrogatories. On October 30, 2017, Pioneer served Alphamar requests for disclosures. *See id.* Pioneer subsequently filed its original answer and asserted counterclaims against M&M and crossclaims against Alphamar for unjust enrichment and quantum meruit.

---

[1] In 2020, the Supreme Court of Texas amended Rule 194, effective January 1, 2021. Following the amendments, a party is now generally required to disclose certain information without waiting for a discovery request by the other party. *See* Tex. R. Civ. P. 194.2, 195.5(a); Order, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020). Our citations in the opinion refer to the former version of the rule.

## A.    PRE-TRIAL

M&M filed a motion to compel Alphamar to respond to M&M's first set of interrogatories and first request for production. On November 5, 2019, the trial court entered an order granting M&M's motion to compel, which ordered Alphamar "to provide full and complete answers, without objections, to [M&M's] First Set of Interrogatories" and "fully produce any and all documents requested in [M&M's] First Request for Production to [Alphamar], without objection," by November 19, 2019. With trial scheduled for January 29, 2020, Alphamar responded to appellees' discovery requests on January 15, 2020.

On January 22, 2020, appellees filed motions seeking to exclude the evidence in support of Alphamar's claims or defenses because Alphamar failed to timely comply with both of appellees' discovery requests. *See* Tex. R. Civ. P. 193.6. M&M further argued that the trial court should exclude the evidence because Alphamar failed to comply with the trial court's November 5, 2019 order. *See* Tex. R. Civ. P. 215.2(b). M&M attached to its motion its counsel's affidavit and Alphamar's answers to M&M's requests for disclosure, which showed that Alphamar did not fully answer the requests and objected to the questions, in contravention of the trial court's order.

On January 29, 2020, following a hearing, the trial court signed an order granting appellees' motions to exclude. The trial court found that Alphamar failed to comply with M&M and Pioneer's discovery requests, "namely not providing timely responses under the Texas Rules of Civil Procedure, Rule 193.6 . . . ." The trial court's order excluded evidence and witnesses on numerous topics "pursuant to [Texas Rules of Civil Procedure] 193.6 and 215.2(b)(4)." Further, the order prohibited Alphamar from offering any evidence or witnesses to oppose appellees' claims for attorney's fees, from "offering any evidence of witnesses in this trial

3

[because] all evidence or witnesses are excluded pursuant to [Texas Rules of Civil Procedure] 193.6 and 215.2(b)(4)," and from "calling any witnesses (fact or expert) since none were properly disclosed." The order also noted "this Order does not prohibit rebuttal or impeachment evidence properly before the court."

## B.   TRIAL

Trial began on January 30, 2020. The jury heard testimony from Steven Hale, M&M's project manager; John McHazzlett, one of M&M's owners; and Michael Nigrelle, Pioneer's former president.

At the close of M&M's presentation of evidence, Pioneer moved for a directed verdict on its quantum meruit claim on the issue of liability only. The trial court granted Pioneer's motion for a directed verdict against Alphamar "on the issue of compensable work performed," leaving the jury to determine the reasonable value of "the compensable work performed" by Pioneer.

The jury found that Alphamar failed to comply with its agreement with M&M and that the failure resulted in $125,143.29 in damages to M&M. The jury further found that M&M failed to comply with its agreement with Pioneer, that M&M's failure was not excused, and that the failure resulted in $99,615.59 in damages to Pioneer. Finally, the jury found that the value of the work performed by Pioneer for Alphamar was $99,615.59.

The trial court entered a judgment in favor of appellees incorporating the jury's findings and awarding attorney fees to Pioneer jointly and severally against Alphamar and M&M. M&M then filed a motion to modify the judgment to include an award of pre-judgment and post-judgment interest. Alphamar also filed a motion to modify the judgment and argued, in part, that the evidence was insufficient to support judgment in favor of Pioneer and against Alphamar on Pioneer's quantum

4

meruit claim because no evidence was presented that Alphamar was reasonably notified that Pioneer was expecting to be paid by Alphamar.

On May 13, 2020, the trial court entered a modified judgment, which ordered, in relevant part: (1) M&M to recover from Alphamar $125,143.29, plus attorney's fees and pre-judgment and post-judgment interest; (2) Pioneer to recover from M&M $99,615.59, plus pre-judgment and post-judgment interest; and (3) Pioneer to recover from Alphamar $99,615.59, plus pre-judgment and post-judgment interest. This appeal followed.

## II. DISCOVERY

### A. STANDARD OF REVIEW

A trial court's ruling on the admissibility of evidence, discovery issues, and a motion for sanctions is reviewed for an abuse of discretion. *See Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

### B. APPLICABLE LAW

A party must timely respond in writing to discovery within the time provided by court order or by the Texas Rules of Civil Procedure. Tex. R. Civ. P. 193.1; *In re Dawson*, 550 S.W.3d 625, 629–30 (Tex. 2018) (orig. proceeding) (per curiam). Rule 194.2 provides that a party may request disclosure of information described under the Rule by serving that party with a request for disclosure. *See* Tex. R. Civ. P. 194.1, 194.2; *see also See In re Grecon, Inc.*, 542 S.W.3d 774, 779 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) ("This method is intended to streamline the

discovery process as to the matters covered by requests for disclosure."). When a party does not produce discovery, including a required disclosure, or ignores the request, the evidence that was not timely disclosed will be excluded at trial unless the non-producing party demonstrates good cause for not producing the discovery or unless the other parties will not be unfairly surprised or prejudiced by the undisclosed evidence. Tex. R. Civ. P. 193.6(a); *see Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (per curiam).

The purpose of the exclusion rule is to require complete responses to discovery, promote responsible assessment of settlement, and prevent trial by ambush. *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992). The exclusion of evidence in Rule 193.6 is automatic; thus, no motion for sanctions or motion to compel is required to trigger it, and death penalty sanctions are beyond its scope. *See In re M.J.M.*, 406 S.W.3d 292, 299 (Tex. App.—San Antonio 2013, no pet.); *White v. Perez*, No. 02-09-00251-CV, 2010 WL 87469, at *1–2 (Tex. App.—Fort Worth Jan. 7, 2010, pet. denied) (mem. op.); *see also Alvarado*, 830 S.W.2d at 914.

In addition to Rule 193.6, Rule 215.2 allows a trial court to sanction a party for failure to comply with a discovery order or request. *Cire*, 134 S.W.3d at 839. Specifically, Rule 215.2(b) provides that a trial court may impose, among other sanctions, an order refusing to allow the non-complying party to support or oppose designated claims or defenses, or prohibit designated evidence from being introduced into evidence. Tex. R. Civ. P. 215.2(b); *see Cire*, 134 S.W.3d at 839. Sanctions are used to assure compliance with discovery and deter those who might be tempted to abuse discovery in the absence of a deterrent. *Cire*, 134 S.W.3d at 839. However, a trial court may not impose a sanction that is more severe than necessary to satisfy its legitimate purpose. *Id.* (citing *Hamill v. Level*, 917 S.W.2d 15, 16 (Tex.

6

1996)); *see also Chrysler Corp. v. Blackman*, 841 S.W.2d 844, 849 (Tex. 1992); *Transamerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding).

A death-penalty sanction is one that has the effect of adjudicating the dispute without regard to the merits. *Powell*, 811 S.W.2d at 918. Death-penalty sanctions are limited by constitutional due process and should be imposed only in exceptional cases when they are clearly justified and it is apparent that no lesser sanctions would promote compliance with the rules. *See id.*

## C.    ANALYSIS

On appeal, Alphamar first argues that the trial court granted death penalty sanctions because the trial court struck Alphamar's pleading. However, the trial court's order does not state Alphamar's pleading was stricken, nor does Alphamar provide us with an argument as to how the trial court's exclusion of evidence, in effect, resulted in its pleadings being stricken. Further, Alphamar does not provide citations to the record in support of its argument that the trial court allegedly struck its pleadings, nor does it cite to where the order is located in the record. *See* Tex. R. App. P. 38.1 (g), (h); *Cochran Invests., Inc. v. Chicago Title Ins.*, 550 S.W.3d 196, 202 n.3 (Tex. App.—Houston [14th Dist.] 2018) ("[W]e are not required to make an independent search of the record for evidence supporting a party's position."), *aff'd*, 602 S.W.3d 895 (Tex. 2020). Accordingly, we reject Alphamar's argument that the trial court granted death penalty sanctions by striking its pleadings.

Alphamar next argues that the trial court granted death penalty sanctions because it prevented Alphamar "from presenting any defense to the claims against it." However, the trial court's order did not prevent Alphamar from "presenting any defense," nor does Alphamar cite to the record in support of this assertion. *See* Tex. R. App. P. 38.1 (g), (h); *Cochran Invests., Inc.*, 550 S.W.3d at 202 n.3. Contrary to

Alphamar's argument, the trial court's order excluded evidence Alphamar failed to disclose for over two-and-a-half years after the suit was filed, as was required by the Rules of Civil Procedure. *See* Tex. R. Civ. P. 193.6, 194.2(c). Further, the trial court's order permitted Alphamar to present rebuttal and impeachment evidence properly before the court. Although given an opportunity, Alphamar did not present any rebuttal witnesses, nor did it make any offer of proof as to its own witnesses or exhibits that it would have offered but for the court's order. Additionally, Alphamar does not address why the trial court's exclusion of evidence was improper under Rule 193.6 or what evidence excluded in the order should not have been excluded pursuant to Rule 193.6. *See Hagberg v. City of Pasadena*, 224 S.W.3d 477, 481 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("[W]hen a judgment or order may have been based upon grounds not challenged on appeal, a court of appeals must normally affirm."); *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment."). Accordingly, we also reject this argument.

Finally, we note that Alphamar does not argue on appeal that it established good cause for its failure to respond to the disclosure requests (or to comply with the trial court's order) or that M&M and Pioneer were not unduly surprised. *See* Tex. R. Civ. P. 193.6(a); *Fort Brown Villas*, 285 S.W.3d at 881. We cannot conclude that the trial court abused its discretion when it excluded the evidence Alphamar failed to disclose. *See Gharda USA*, 464 S.W.3d at 347; *Worford v. Stamper*, 801 S.W.2d at 109. We overrule Alphamar's first issue.

## III.  PIONEER'S QUANTUM MERUIT CLAIM

In its second issue, Alphamar argues that the trial court committed reversible error by entering judgment in favor of Pioneer and against Alphamar on Pioneer's

8

equitable claim of unjust enrichment and quantum meruit.[2] Alphamar argues, in part, that there is insufficient evidence to support Pioneer's quantum meruit claim.

## A.   STANDARD OF REVIEW

We review the grant of a directed verdict in the light most favorable to the party against whom the verdict was rendered and disregard all contrary evidence and inferences. *Cooper v. Lyon Fin. Servs., Inc.*, 65 S.W.3d 197, 206–07 (Tex. App.— Houston [14th Dist.] 2001, no pet.) (citing *Qantel Bus. Sys., Inc. v. Custom Controls*, 761 S.W.2d 302, 303 (Tex. 1988)). The movant is entitled to a directed verdict when: (1) a defect in the opponent's pleading makes it insufficient to support a judgment; (2) the evidence conclusively proves the truth of factual propositions that, under the substantive law, establish the right of the movant to judgment; or (3) the evidence is legally insufficient to raise an issue of fact on a proposition that must be established for the movant's opponent to be entitled to judgment. *See Knoll v. Neblett*, 966 S.W.2d 622, 627 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *Cooper*, 65 S.W.3d at 207.

## B.   APPLICABLE LAW

"Quantum meruit is an equitable remedy based on the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Tricon Tool & Supply, Inc. v. Thumann*, 226 S.W.3d 494, 502 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)). To recover under quantum meruit a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to

---

[2] While unjust enrichment can be an independent cause of action, *see HECL Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998), a claim that the opposing party is unjustly enriched by retaining the benefits of services rendered by the plaintiff can also be the basis for a quantum meruit cause of action. *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

be charged; (3) such services and materials were accepted by the person sought to be charged, used, and enjoyed by him; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Townley v. Lanier*, No. 14-19-00447-CV, 2021 WL 2325082, at *5 (Tex. App.—Houston [14th Dist.] June 8, 2021, pet. denied) (mem. op.) (citing *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)); *see also Vortt Expl. Co.*, 787 S.W.2d at 944–45 ("The expected payment does not have to be monetary; it may be any form of compensation."). Whether the defendant had reasonable notice depends on what the defendant knew or should have known at the time the services or materials were accepted. *See Thumann*, 226 S.W.3d at 504; *see, e.g.*, *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 636–37 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (concluding that defendant did not have reasonable notice that plaintiff expected payment because plaintiff did not submit bill for nine years of service until suit was filed).

## C.   ANALYSIS

Here, the trial court granted Pioneer a directed verdict on the issue of liability on its quantum meruit claim against Alphamar and submitted a charge to the jury for the jury to determine the value of the compensable work performed by Pioneer for Alphamar's benefit. *See Bluelinx Corp. v. Tex. Const. Sys., Inc.*, 363 S.W.3d 623, 627 n.1 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 722 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Townley*, 2021 WL 2325082, at *5. However, there was no evidence presented that Alphamar was notified that Pioneer expected to be paid by Alphamar. *See Townley*, 2021 WL 2325082, at *5; *Thumann*, 226 S.W.3d at 504. Instead, M&M's project manager, Hale, testified that equipment supplied by contractors and work

10

performed by contractors would be billed to the client by M&M. The invoices in the record support Hale's testimony. Thus, we conclude that the trial court erred when it granted Pioneer a directed verdict on its quantum meruit claim. *See Knoll*, 966 S.W.2d at 627

Pioneer argues that Alphamar waived this issue by failing to object to the trial court's granting of the directed verdict. However, a party is not required to object regarding a complaint that the trial court reversibly erred in granting a directed verdict in order to preserve error. *See Stearns v. Martens*, 476 S.W.3d 541, 547 n.3 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Field v. AIM Mgmt. Grp., Inc.*, 845 S.W.2d 469, 473 (Tex. App.—Houston [14th Dist.] 1993, no writ)). We sustain Alphamar's second issue.[3]

## IV. CONCLUSION

We reverse the trial court's judgment in part on Pioneer's quantum meruit claim against Alphamar and render judgment that Pioneer take nothing by that claim. The trial court's judgment is otherwise affirmed.

/s/ Margaret "Meg" Poissant
   Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.

---

[3] Pioneer does not challenge Alphamar's argument that no evidence was presented which showed Alphamar was notified that Pioneer was expecting to be paid by Alphamar.

11